UNITED STATES of America ex rel. Terry BETTS, Petitioner-Appellee,

v.

COUNTY COURT FOR LaCROSSE COUNTY, BRANCH II, et al., Respondents-Appellants.

No. 73–1668.

United States Court of Appeals, Seventh Circuit.

Heard Feb. 20, 1974.

Decided May 13, 1974.

Robert W. Warren, Atty. Gen., Robert D. Repasky, Asst. Atty. Gen., Madison, Wis., for respondents-appellants.

Patrick R. Doyle, La Crosse, Wis., for petitioner-appellee.

Before CUMMINGS and STEVENS, Circuit Judges, and GRANT, Senior District Judge.*

PER CURIAM.

In this habeas corpus proceeding, it was shown that petitioner was convicted upon a plea of guilty to the charge of burglary in the County Court of La Crosse County, Wisconsin. Although the maximum sentence provided by Section 943.10 of the Wisconsin Statutes was ten years, petitioner was sentenced to an indeterminate term of two years in the Wisconsin State Reformatory. On April 13, 1972, his two-year sentence of imprisonment expired. On June 5, 1972, following a confession of error by the State, the Wisconsin Supreme Court allowed withdrawal of petitioner's guilty plea and remanded the case to the County Court. On September 28, 1972, that court entered an order allowing withdrawal of the guilty plea and called for a new arraignment upon the burglary charge. Thereafter petitioner entered an appearance and filed a motion to dismiss further proceedings, alleging they would violate the double jeopardy clause. After failing to receive relief from the trial court or the Wisconsin Supreme Court, petitioner sought a writ of habeas corpus in the district court.

On May 25, 1973, the district court granted the petition for a writ of habeas corpus. Its opinion relied particularly upon Ex parte Lange, 18 Wall. 163, 85 U.S. 163, 21 L.Ed. 872; the court refused to apply North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656. We conclude that *Pearce* permits a retrial of the burglary charge and accordingly reverse.

Because petitioner had already served a complete sentence, the district court

---

* Senior District Judge Robert A. Grant of the Northern District of Indiana is sitting by designation.

held that *Ex parte Lange, supra,* barred his retrial under the principle of double jeopardy. However, that case did not involve a retrial, but rather the validity of a second sentence imposed by the trial court on the original conviction after a maximum sentence had already been served. The original conviction was never questioned there. Here, by contrast, the original conviction has been set aside, and if there is a second sentence, it will be imposed on a second conviction. *Lange* expressly held that a second trial may be had without violating the double jeopardy clause when the accused has prosecuted a writ of error. 85 U.S. at 174. *Lange* is further distinguishable because the first sentence imposed here was less than the statutory maximum.

We conclude that this case is controlled by North Carolina v. Pearce, *supra,* which dealt with "the imposition of wholly new sentences after wholly new trials." 395 U.S. at 722. There the Supreme Court held that "the guarantee against double jeopardy imposes no restrictions upon the length of a sentence imposed upon reconviction." *Id.* at 719. Under *Pearce,* a trial court has power to impose punishment following retrial, although the prior sentence must be credited.

■ *Pearce* also holds that the due process clause provides some protection. If the judge imposes a more severe sentence upon petitioner's retrial, *Pearce* requires an affirmative showing of reasons for doing so. As Justice Stewart stated (at p. 726):

"Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding. And the factual data upon which the increased sentence is based must be made part of the record, so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal."

The fact that petitioner took an appeal would be an impermissible reason for increasing his sentence. *Id.* at 724.

■ In the present case where the first sentence has already been completed, *Pearce* requires a particularly strong showing by the State to justify an increased sentence because completion of the first sentence raises the presumption that its purposes have been fulfilled.

■ At common law, the issue before us could not arise since "the right of appeal was gone when the punishment had once been suffered." *Lange, supra,* at 169. Petitioner could have obviated any retrial by withdrawing his then pending appeal after completing his sentence. Since the collateral consequences of his conviction are apparently important to petitioner, it is not so unfair for the State also to consider them important. A retrial will serve to determine petitioner's guilt or innocence for collateral purposes; *Pearce* will protect him against additional punishment unless justified.

The order of the district court is reversed with directions to dismiss the petition.