352 So.2d 223 (1977)
STATE of Louisiana ex rel. Albert CLARK
v.
Hon. Frank A. MARULLO, Judge Criminal District Court, Section "D", Orleans Parish.
Nos. 59667 and [59913 (on appeal)].
Supreme Court of Louisiana.
November 14, 1977.
*225 John M. Lawrence, New Orleans, for relator.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise Korns, Asst. Dist. Atty., for respondent.
DIXON, Justice.
On February 13, 1975 defendant Albert Clark was charged by bill of information with armed robbery in violation of R.S. 14:64. On March 10, 1975 defendant pleaded guilty and was sentenced to five years at hard labor. Soon thereafter the defendant learned that, contrary to a pre-plea agreement, the State intended to charge him as a *226 multiple offender. On March 12, 1975, upon motion of the defendant, the trial court allowed the guilty plea to be withdrawn and set aside the sentence. The defendant was later brought to trial and on May 6, 1975 the jury returned a verdict of guilty of armed robbery. Defendant was thereafter sentenced as a multiple offender to serve thirty-three years at hard labor. On March 15, 1977, while his appeal from the second conviction was pending, defendant filed in the district court a motion to correct an illegal sentence based on the trial court's lack of authority to set aside his original guilty plea and the sentence. The trial court denied the motion. This court granted defendant's application for certiorari (captioned by defendant as a "motion for remand") and ordered it consolidated with his appeal.
ON THE WRIT (No. 59667)
Defendant contends through this writ that his trial and conviction are invalid because of the constitutional protection against twice being placed in jeopardy. The basis of the argument is that the trial court did not have jurisdiction to allow the defendant to withdraw his guilty plea after sentencing and therefore the first conviction and sentence remain in effect.
This is not the first case presenting the issue to this court. In State v. DeManuel, 321 So.2d 506 (La.1975), the defendant pleaded guilty to armed robbery and was sentenced to serve seven years at hard labor. The district attorney later informed the defendant that he would be charged as a multiple offender, so the defendant filed in the district court a motion to withdraw his guilty plea. After a hearing, the trial judge granted the motion and the plea and sentence were set aside. After further negotiation with the district attorney, the defendant pleaded guilty a second time and was sentenced to fourteen years imprisonment. The defendant filed a motion to withdraw his second plea within a month. After another hearing, this motion was denied. On appeal this court held that because C.Cr.P. 559 permits the withdrawal of a guilty plea only before sentencing, the ruling of the trial judge permitting the withdrawal of the first plea was invalid.[1] We stated that the proper procedure for obtaining review of an illegal sentence is through appeal or writs of certiorari or habeas corpus. See also State ex rel. Hebert v. Henderson, 290 So.2d 832 (La.1974); State v. Ballard, 282 So.2d 448 (La.1973); State v. Willis, 279 So.2d 192 (La.1973).
The curious situation created by the strict enforcement of C.Cr.P. 559 is that while a trial judge does not have jurisdiction to allow the withdrawal of a guilty plea through ordinary procedures, he does have that authority if the same request be made through application for habeas corpus as a post-conviction remedy.
The writ of habeas corpus, the primary instrument for safeguarding individual liberty against unlawful state action, is designed to provide a speedy and efficient medium for judicial inquiry. Carafas *227 v. LaVallee, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968); Harris v. Nelson, 394 U.S. 286, 89 S.Ct. 1082, 22 L.Ed.2d 281 (1969). Because of its essential function, arbitrary and unnecessary requirements of form and pleading should not be allowed to obstruct its effectiveness. See Harris v. Nelson, supra; Gibbs v. Burke, 337 U.S. 773, 69 S.Ct. 1247, 93 L.Ed. 1686 (1948).
C.Cr.P. 2 provides that the provisions of the code are ". . . intended to provide for the just determination of criminal proceedings. They shall be construed to secure simplicity in procedure, fairness in administration, and the elimination of unjustifiable delay." In light of this provision, it would not be reasonable to hold that a motion may not be heard and relief granted merely because it is not labeled "habeas corpus."
The trial court properly exercised its post-conviction jurisdiction when it granted the defendant the relief requested in his motion.[2]State v. DeManuel, supra, is overruled to the extent that it is inconsistent with this decision. We hold that the trial court may properly vacate a plea of guilty and set aside the sentence thereunder when it determines that the facts surrounding the guilty plea render it constitutionally deficient.
There is no merit in the writ application.
ON THE APPEAL (No. 59913)
The facts are as follows. On February 7, 1975 two men entered a New Orleans laundry and demanded money. While one of the two, later identified as Victor Armstrong, held a gun on the employees, the other gathered a bundle of clothing and took money from the pockets of the laundry employees. After the men left, one of the employees ran out of the shop, shouting that he had been robbed. Armstrong, who was then approximately seventy-five feet from the store, turned and shot at the employee. The owner of the laundry, who had witnessed the robbery while standing a short distance from the door, got into his car and gave chase. During the chase, the man later identified as the defendant, ran into the owner's car. Still later in the chase, Armstrong fired a shot at the owner's carthe pellet going through the windshield before coming to rest on the seat. When the defendant was arrested soon after the robbery he was in possession of the pistol used in the robbery and in the shooting.
Defendant relies upon arguments on fourteen assignments of error for reversal of his conviction.

Assignment of Error No. 1
Defendant contends that the trial court erred in denying a motion to suppress identification made soon after the robbery. At the hearing on the motion, Frank Roan, Sr., the owner of the laundry, testified that he saw the two men as they left the laundry, and that he began to chase them in his car. He also testified that one of the men ran into his car during the chase. After the defendant was arrested he was placed in the back seat of a police car. Roan was taken to the car by the police and there identified the defendant as one of the two men. At trial no reference to this identification was introduced. Roan testified, however, that the defendant "looked like" the robber.
Defendant contends that the identification after the arrest was unconstitutionally suggestive and that there was no basis for a valid in-court identification.
While one-on-one confrontations between the suspect and the victim are not favored, identifications made in this manner are permissible when justified by all of *228 the circumstances. State v. Frank, 344 So.2d 1039 (La.1977); State v. Lee, 340 So.2d 1339 (La.1976); State v. Maduell, 326 So.2d 820 (La.1976). In Frank, we stated that such identifications are ". . . permissible when the police apprehend a suspect within a relatively short time after the crime and bring him to the scene for an on-the-spot identification. This immediate confrontation assures the reliability of the identification as the perpetrator's appearance is fresh in the witness's mind, lessens the possibility that the perpetrator will change his clothes or appearance, and insures the early release of innocent subjects." 344 So.2d at 1041. In the present case, the identification was made immediately after the arrest. Prior to the identification, the witness had seen the defendant twiceonce as he was leaving the laundry and a second time when he ran into the car.
Even assuming that it was error for the trial court to deny the motion to suppress, it does not warrant a reversal of the conviction because no evidence concerning this identification was introduced at trial and the witness failed to make a positive in-court identification. The assignment is therefore without merit.

Assignment of Error No. 2
During the voir dire examination, the prosecuting attorney proposed the following hypothetical situation in explanation of the legal term "principal":
". . . Now, like I said if two people go in a place with a gun and rob somebody or kill somebody, I am not going to use that analogy for robbery because of this man's problem . . . if two people go in with a gun and kill somebody, and one person . . ."
Defense counsel immediately objected to the reference to killing on grounds that the defendant was not on trial for murder. Before the trial court ruled on the objection the prosecutor withdrew the above hypothetical and posed a second, dealing with a hypothetical robbery. Defendant contends that the trial court erred in overruling his objection.
The assignment is without merit. The trial court never actually ruled on the objection because the question was withdrawn. Defense counsel failed to reurge his objection after the second hypothetical question.

Assignments of Error Nos. 3, 5, 6, and 7
Defendant argues through these assignments that the trial judge erred in allowing the introduction of certain physical evidence at trial. Specifically, the defendant objected on grounds of relevancy to the introduction of a pistol recovered from the defendant, a photograph of the clothing taken from the laundry, a photograph of a pellet found in the laundry owner's car and the pellet itself, and three spent shell casings and two live rounds recovered from the pistol.
Relevant evidence is defined as that "tending to show the commission of the offense and the intent, or tending to negative the commission of the offense and the intent." R.S. 15:441.
In the present case, testimony at trial linked each of the items introduced to either the defendant or his accomplice. Because each was relevant to the offense, the trial judge did not err in admitting them into evidence. The assignments are without merit.

Assignment of Error No. 9
Defendant contends that it was error for the trial judge to deny his motion for a directed verdict. The motion was made on grounds that the State failed to prove all of the allegations made in its opening statement.
The trial of this case was conducted prior to the amendment of C.Cr.P. 778 which made directed verdicts unavailable in jury trials. Under the former jurisprudence the only issue presented on appeal by a motion for directed verdict is whether there was no evidence of the crime or an essential element of the crime. State v. Clark, 340 So.2d 1302 (La.1976); State v. Kaufman, 331 So.2d 16 (La.1976).
There was ample evidence introduced at trial demonstrating that the defendant *229 entered the store with the other man and took money and clothing while his partner brandished a gun. This constitutes at least "some" evidence of his participation in the offense as a principal. R.S. 14:24. Without a showing of prejudice or bad faith, the failure of the State to prove all of the allegations made in its opening statement does not warrant a reversal of the conviction. See State v. Green, 343 So.2d 149 (La.1977).

Assignment of Error No. 10
Defendant contends that the trial court erred in refusing to admonish the jury after the following statement in the State's closing argument:
"BY MR. PETERS:
Ladies and gentlemen, as I told you when we started off, I had a chance to put on rebuttal witnesses, and I didn't. I didn't think there was anything to rebut. The only witnesses that came up for the defense were
BY MR. LAWRENCE: (Interrupting)
Your Honor, the prosecutor is on dangerous grounds. I would like to caution him now, before he goes any further, I would like to have the Court's warning."
C.Cr.P. 770(3) provides, in pertinent part:
"Upon motion of a defendant, a mistrial shall be ordered when a remark or comment, made within the hearing of the jury by the judge, district attorney, or a court official, during the trial or in argument, refers directly or indirectly to:
. . . . .
(3) The failure of the defendant to testify in his own defense; or
. . . . .
An admonition to the jury to disregard the remark or comment shall not be sufficient to prevent a mistrial. If the defendant, however, requests that only an admonition be given, the court shall admonish the jury to disregard the remark or comment but shall not declare a mistrial."
In order to constitute grounds for a mistrial under C.Cr.P. 770(3), the reference to the defendant's failure to testify must be such as to direct the jury's attention to that failure. State v. Johnson, 345 So.2d 14 (La. 1977); State v. Reed, 284 So.2d 574 (La. 1973); State v. Howard, 262 La. 270, 263 So.2d 32 (1972).
Initially, it should be noted that the defendant's objection appears to request that the prosecutor be warned of the danger in referring to the defendant's failure to testify. If so construed, the objection would not be sufficient to preserve the issue for consideration on appeal. Even interpreting the defense counsel's objection liberally to mean a request for a jury admonition, there does not appear to be error in the trial court's ruling. The comment, though not completed, was directed toward the lack of evidence refuting the State's case, and thus proper argument. State v. Sims, 346 So.2d 664 (La.1977); State v. Cryer, 262 La. 575, 263 So.2d 895 (1972).
The assignment is without merit.

Assignment of Error No. 11
During the State's rebuttal argument, the prosecutor prefaced several statements with phrases such as "First off he told you . . .;" "And he's going to tell you . . .;" "Now, Mr. Lawrence is going to tell you . . ." Defendant objected and requested that the prosecutor be admonished because the remarks inferred that the defendant would be expected to make the suggested arguments when in fact no such opportunity would exist under C.Cr.P. 765. Defendant assigns as error the failure of the trial court to admonish the prosecutor.
While the words were ill-chosen, it does not appear that the defendant was prejudiced by the argument. The argument, properly interpreted, referred to arguments already made by the defendant. Further, the jury had been previously informed by defense counsel himself that there would be *230 no opportunity for further argument after the State's rebuttal argument.
The assignment is without merit.

Assignment of Error No. 12
Defendant assigns as error the denial of his motion for new trial based on the State's failure to prove the allegations made in its opening statement and its failure to comply with the defendant's pre-trial request for the discovery of exculpatory evidence. The first ground is without merit. (See discussion under Assignment of Error No. 9).
The second ground is based on the principle that the State may not suppress evidence that is favorable to the defendant and material to guilt or punishment when that evidence is requested by the defendant. Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); U. S. v. Agurs, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976); State v. Robinson, 342 So.2d 183 (La.1977). Material evidence for this purpose is that which, when considered in the context of the full record, creates a reasonable doubt about guilt which did not otherwise exist. U. S. v. Agurs, supra; State v. Williams, 349 So.2d 286 (La.1977).
Defendant contends that the trial court erred in refusing to grant a new trial because the State failed to inform the defendant of its inability to find defendant's fingerprints on the pistol used in the robbery and of the inability of the victims of the crime to positively identify the defendant.
The evidence concerning the fingerprints does not fall within the Agurs definition of material evidence because of the fact that three police officers testified that defendant was in possession of the pistol when he was arrested.
Assuming, without deciding, that the inability of the victims to identify the defendant meets the Agurs test of materiality, the failure of the State to disclose that fact does not require reversal, because the defendant has not shown that he was prejudiced by that failure. The defendant learned, before trial, at the hearing on the motion to suppress, that the victims could not positively identify him.
The assignment is without merit.

Assignment of Error No. 13
Defendant, through this assignment, attacks the constitutionality of the Louisiana Habitual Offender Law, R.S. 15:529.1, on grounds that it violates the prohibition against cruel, excessive or unusual punishment (Art. 1, § 20, La.Const.) and it deprives the defendant of his right to a jury trial. This court has repeatedly upheld the constitutionality of R.S. 15:529.1 against similar attacks. State v. Badon, 338 So.2d 665 (La.1976); State v. Jolla, 337 So.2d 197 (La.1976); State v. Montana, 332 So.2d 248 (La.1976).
The assignment is without merit.

Assignment of Error No. 14
Defendant contends that the trial court erred in refusing to grant a motion for a directed verdict during the habitual offender proceeding on grounds that the State failed to establish the date of his discharge on the earlier sentence.
Defendant was convicted of the present offense on May 6, 1975 and his earlier conviction occurred on June 26, 1972. It is not necessary for the State to prove the discharge dates when, as here, less than five years have passed since the prior conviction.
The assignment is without merit.

Assignment of Error No. 15
Defendant contends that his thirtythree year sentence constitutes error patent on the face of the record on grounds of double jeopardy and because the enhanced penalty was based on the conviction of an offense that while classified as a felony at the time of the conviction, would now be considered a misdemeanor. The double jeopardy argument was discussed above in the discussion of the writ.
*231 In State v. Sawyer, 350 So.2d 611 (La. 1977), the same issue was presented to this court. In that decision the majority held that the classification of the offense at the time of the conviction determines its character for the enhancement of the penalty. Thus, under the present jurisprudence, the assignment is without merit.
Assignment of Error No. 4 was neither briefed nor argued and therefore it is deemed abandoned.
Assignment of Error No. 8 was expressly abandoned in brief and will not be considered.
For the foregoing reasons, defendant's conviction and sentence are affirmed.
NOTES
[1] C.Cr.P. 559 provides:

"The court may permit a plea of guilty to be withdrawn at any time before sentence.
The court shall not accept a plea of guilty of a felony within forty-eight hours of the defendant's arrest. When such a plea has been accepted within the forty-eight hour period, the court, upon a motion filed by the defendant within thirty days after the plea was entered, shall set aside the plea and any sentence imposed thereon.
When a plea of guilty has been withdrawn or set aside, the plea and the facts surrounding its entry shall not be admissible in evidence against the defendant at a trial of a case."
The comments to that article state that the majority of jurisdictions similarly provide that the court can grant a motion to withdraw a guilty plea only before sentence. In contrast, the ABA Project on Minimum Standards for Criminal JusticeStandards Relating to Pleas of Guilty, 2.1, in accordance with Federal Rule of Criminal Procedure 32(d) provides:
"(a) The court should allow the defendant to withdraw his plea of guilty or nolo contendere whenever the defendant, upon a timely motion for withdrawal, proves that withdrawal is necessary to correct a manifest injustice.
(i) A motion for withdrawal is timely if made with due diligence, considering the nature of the allegations therein, and is not necessarily barred because made subsequent to judgment or sentence."
[2] The motion in this case was not a written motion, but rather an oral motion made in open court and reflected in the minutes. Normally, an application for habeas corpus relief must be made in writing. C.Cr.P. 353. However, because a reversal solely on the ground that the motion was not in writing would result in the repetition of the events leading to this appeal, thus subverting the interest in judicial economy, and, more importantly, because we have found defendant's trial to be fair and free of reversible error, we find defendant's oral motion adequate under these circumstances.