Albert CLARK, Petitioner-Appellant,

v.

Frank BLACKBURN, Warden, Louisiana State Penitentiary, Respondent-Appellee.

No. 79–1772
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Oct. 24, 1979.

Albert Clark, pro se.

Maurine A. Carroll, Asst. Dist. Atty., New Orleans, La., for respondent-appellee.

Before GOLDBERG, RONEY and TJO-FLAT, Circuit Judges.

* Fed.R.App.P. 34(a); 5th Cir. R. 18.

PER CURIAM:

Defendant Clark, represented by a public defender, was convicted in a Louisiana court on his plea of guilty of armed robbery. After sentencing, the court granted defendant's oral motion to withdraw his guilty plea and set aside his sentence because defendant had not been informed by his attorney that he would be charged as a multiple offender.

At trial, represented by privately retained counsel, defendant was convicted of armed robbery by a jury. The state filed a recidivist information against him alleging a prior felony conviction of receiving stolen things worth $99. This offense was a felony when Clark was convicted of it but had been reduced to a misdemeanor by the time of his robbery conviction. Found guilty on bench trial of being a second offender, Clark received 33 years, the minimum term imposable. On direct appeal, the judgment was affirmed. *State ex rel. Clark v. Marullo*, 352 So.2d 223 (La.1977).

Clark, *pro se*, argues several issues on this appeal from the district court's denial of his petition for writ of habeas corpus. All being without merit, we affirm.

■ Defendant's federal habeas corpus petition realleged the grounds which he presented on direct appeal. Defendant contends the trial court lacked jurisdiction to vacate his guilty plea, and that his resulting trial constituted double jeopardy. The Louisiana Supreme Court had held that his oral request to withdraw his plea amounted to an application for habeas corpus based on constitutional defects in the plea, and that the state district court had jurisdiction to vacate the conviction and sentence. *State ex rel. Clark v. Marullo*, 352 So.2d at 226–227. This is a matter of state law, of which the highest state court is the ultimate expositor, and thus presents no federal question. *Mullaney v. Wilbur*, 421 U.S. 684, 691, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975). Because defendant has had his conviction overturned for reasons other than insufficiency of evidence, the double jeopardy clause does not bar his retrial on the same charge. *United States ex rel. Betts v. County Court for LaCrosse County, Branch II*, 496 F.2d 1156 (7th Cir.), *cert. denied*, 419 U.S. 1057, 95 S.Ct. 641, 42 L.Ed.2d 655 (1974) (retrial not barred where guilty plea withdrawn after State confessed error though defendant's sentence completed). *See United States v. Scott*, 437 U.S. 82, 90–91, 98 S.Ct. 2187, 57 L.Ed.2d 65 (1978); *Hardwick v. Doolittle*, 558 F.2d 292 (5th Cir. 1977), *cert. denied*, 434 U.S. 1049, 98 S.Ct. 897, 54 L.Ed.2d 801 (1978).

■ Defendant contends that his one-on-one confrontations with two witnesses when he was taken by police to the scene of the crime shortly after the robbery violated his constitutional rights. At the trial there was no evidence introduced or reference made to pretrial confrontation. One of the two witnesses was unable to identify him with certainty at trial, saying defendant looked like the man he had seen fleeing after the robbery but that he did not see his face. The other testified that he could not identify defendant as one of the robbers. Other witnesses who did not participate in the showup, however, positively identified defendant as the fleeing man. Defendant was not prejudiced by having been confronted by the two witnesses. *See Perry v. State of Texas*, 456 F.2d 879, 881 (5th Cir.), *cert. denied*, 409 U.S. 916, 93 S.Ct. 248, 34 L.Ed.2d 178 (1972).

■ Defendant's trial was not rendered unfair by the prosecutor's voir dire reference to homicide, changed to robbery upon objection, in making a hypothetical statement of law relative to principals. No defense motion was made for a mistrial or to strike the statement.

■ Defendant complains of admission into evidence of the revolver found on his person when he was arrested, cartridges and fired casings found in the gun, the spent bullet found at the scene, and photographs of clothing on the ground that these items were connected to another person involved in the robbery, not to him. The state's evidence clearly showed that the robbery was a joint venture of the two men. Anything done by one in furtherance of the

agreed objective was chargeable to the other. *See Pinkerton v. United States*, 328 U.S. 640, 645–648, 66 S.Ct. 1180, 90 L.Ed. 1489 (1946).

■ Defendant also complains the state failed to prove part of its opening statement, that he rather than the other participant fired the shots. Under Louisiana law, this is not grounds for reversal. *See State v. Green*, 343 So.2d 149, 151–152 (La.1977). We perceive no constitutional violation.

■ Defendant contends the prosecutor improperly commented on his failure to testify during closing argument as follows:

BY MR. PETERS:

Ladies and gentlemen, as I told you when we started off, I had a chance to put on rebuttal witnesses, and I didn't. I didn't think there was anything to rebut. The only witnesses that came up for the defense were—

BY MR. LAWRENCE: (interrupting)

Your Honor, the prosecutor is on dangerous grounds. I would like to caution him now, before he goes any further, I would like to have the Court's warning.

BY THE COURT:

Make your objection at the proper time.

BY MR. LAWRENCE:

I did it as fast as I could, Your Honor. I can't go any faster than that . . .

The record does not show that the defense moved to strike the statement or moved for a mistrial. Nor does the record show what the trial court's response was to the defense objection. It was the duty of defense counsel to direct that pertinent parts of the trial record be sent on appeal.

On direct appeal, defendant contended that the trial court erred in failing to admonish the jury to disregard the comment. Louisiana law provides that if the prosecutor comments on defendant's failure to testify, an admonition to the jury will not prevent a mistrial unless defense counsel requests that only an admonition be given. La.Code Crim.Pro.Ann. art. 770 (West).

The court held that, assuming defense counsel's objection to be a request for an admonition, neither an admonition nor a mistrial was necessary because the argument was properly directed to the lack of evidence refuting the state's case rather than to defendant's failure to testify. 352 So.2d at 229.

*United States v. Edwards*, 576 F.2d 1152, 1154 (5th Cir. 1978), held that a statement is improper comment if either:

(1) it was the prosecutor's manifest intention to refer to the defendant's silence, or

(2) the remark was of such a character that the jury would "naturally and necessarily" take it to be a comment on defendant's silence.

Applying these tests, no constitutional violation occurred. It does not appear the prosecutor manifestly intended to refer to defendant's failure to testify, nor was the statement such that the jury naturally and necessarily would take it to be such a comment.

■ Defendant contends that under *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), the state should have disclosed the inability of the victims to positively identify Clark as one of the robbers. As the court held on the direct appeal, the defense learned prior to trial, at the hearing on the motion to suppress, that the identifications were not positive, and thus defendant was not prejudiced. 352 So.2d at 230.

■ Defendant contends that Louisiana's habitual offender statute violates the Louisiana Constitution because a jury trial is not provided, the evidence was insufficient to prove his date of discharge from the prior felony, and the prior felony would now be considered a misdemeanor. The Louisiana Supreme Court held that these contentions lacked merit on the basis of its earlier decisions. 352 So.2d at 230–231. The state has power to promulgate its own rules of criminal procedure. *See Spencer v. Texas*, 385 U.S. 554, 564–569, 87 S.Ct. 648, 17 L.Ed.2d 606 (1967).

There is no right to trial by jury for recidivist sentencing for federal offenses. There is no constitutional defect.

This appeal has been decided by a panel of three judges who are unanimously of the opinion that oral argument is not needed because the dispositive issues have been recently authoritatively decided, and because the facts and legal arguments are adequately presented in the briefs and record and the decisional process would not be significantly aided by oral argument. *See* Fed.R.App. 34; Fifth Circuit Local Rule 18.

AFFIRMED.