PER CURIAM.
Writ granted. The first circuit is directed to consider again relator’s “Petition for Habeas Corpus Relief” and take appropriate action. Rule 4 in the Uniform Rules of the Courts of Appeal should not serve to deny access by a pro se applicant to the courts for post-conviction relief. In State ex rel Clark v. Marullo, 352 So.2d 223, 226 (La.1977), we emphasized that “[t]he writ of habeas corpus [is] the primary instrument for safeguarding individual liberty against unlawful state action.... Because of its essential function, arbitrary and unnecessary requirements of form and pleading should not be allowed to obstruct its effectiveness.”
As indicated by its title, “Post Con- ' viction Proceedings,” Rule 5 of the Uniform Rules, not Rule 4, is applicable “... to all proceedings for post-conviction relief filed by persons who have been convicted and imprisoned after sentence for the commission of a crime.” Rule 5-1. Rule 5 contains as an appendix the Uniform Application for Post Conviction Relief. If the court of appeal requires a pro se applicant to comply with this form, it should advise him of that fact clearly. Rule 5-4(b). It should also provide him with a copy of the Uniform Application to facilitate presenting his claims in the proper form. Cf., Former Rule 27(2), Rules of the Supreme Court of Louisiana (1982); La.C.Cr.P. art. 926(D); Rule 2, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foil. 2254. Finally, if the court of appeal returns an application for failure to comply with court rules, it should specify the manner in which the application failed to comply.