**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Richard Y. KIM and Young N. Kim, Defendants–Appellants.**

No. 88-2834.

United States Court of Appeals, Fifth Circuit.

Sept. 11, 1989.

Dougal C. Pope, Houston, Tex., for Young N. Kim.

Rudy M. Groom, Houston, Tex., for Richard Y. Kim.

Frances H. Stacy, Paula C. Offenhauser, Tim Johnson, Asst. U.S. Attys., and Henry K. Oncken, Houston, Tex., for plaintiff-appellee.

Before KING, JOLLY and DUHE, Circuit Judges.

DUHE, Circuit Judge:

Richard Y. Kim and his wife Young N. Kim appeal their convictions for income tax evasion. We affirm.

The Kims are Korean citizens who reside in the United States. From 1979 onwards Mr. Kim owned and managed several sexually oriented businesses in Texas and Louisiana. These businesses housed prostitutes in addition to conducting lawful activity. For the years 1981 to 1983 the Kims filed joint income tax returns prepared by Jin Sung Chung, an accountant retained by the Kims, reporting income of less then $11,500 each year.

An Internal Revenue Service investigation indicated that the Kims' financial condition did not square with their reported income. The investigation revealed that from 1981 to 1983 the Kims paid $135,000 toward $420,000 worth of real estate. They also made several large bank deposits during this period, depositing $186,530.66 in 1982 and $65,350 in 1983 into fourteen separate bank accounts. The IRS calculated the Kims' net worth and concluded that from 1981 to 1983 they had substantially underreported their taxable income and owed approximately $71,000 in additional tax.

The Kims were charged with tax evasion, 26 U.S.C. § 7201, under a three-count indictment. The government and the Kims subsequently entered into a plea agreement, under which Mr. Kim agreed to plead guilty to Count II in exchange for dismissal of the remaining counts against him and of all counts against Mrs. Kim. Mr. Kim signed a plea of guilty during his arraignment, stating that he understood the elements of the charged offense and voluntarily entered the plea because he was guilty of that offense. At the sentencing hearing, however, Mr. Kim presented evidence to show that Mr. Chung was responsible for the underreporting. Mr. Kim's counsel explained that the evidence showed Mr. Kim lacked the willfulness required for the offense of tax evasion. The government then moved to withdraw the guilty plea and on the ground that Mr. Kim disputed willfulness the district judge declined to accept the guilty plea and set the matter for trial. The jury found Mr. and Mrs. Kim guilty on all counts.

### Double Jeopardy

Mr. Kim first argues that his trial on Count II after withdrawal of his guilty plea to that count violated the Double Jeopardy Clause of the Fifth Amendment. Mr. Kim is correct in stating that jeopardy attaches with the acceptance of a guilty plea, but is incorrect in asserting that attachment alone settles the issue. "[W]hen defendant repudiates the plea bargain, either by withdrawing the plea or by successfully challenging his conviction on appeal, there is no double jeopardy (or other) obstacle to restoring the relationship between defendant and state as it existed prior to the defunct bargain." *Fransaw v. Lynaugh*, 810 F.2d 518, 524–25 (5th Cir.), *cert. denied*, 483 U.S. 1008, 107 S.Ct. 3237, 97

L.Ed.2d 742 (1987). Accordingly, if a defendant withdraws his guilty plea after conviction on that plea, the Double Jeopardy Clause does not prohibit trial on the same charge. *Clark v. Blackburn,* 605 F.2d 163, 164 (5th Cir.1979).

■ Mr. Kim nevertheless argues that his plea was withdrawn on the government's motion, and that he never requested withdrawal of the plea but only sought to mitigate the sentence by presenting evidence on the severity of the offense. The position taken by Mr. Kim at the sentencing hearing, however, amounted to a repudiation of the plea agreement. By denying willfulness, an element of the crime, Mr. Kim undermined the factual basis for the plea and thereby rejected the plea agreement. The district judge therefore properly tried Mr. Kim on Count II.

### *Sufficiency of the Evidence*

■ Mr. and Mrs. Kim argue that the evidence is insufficient to show willfulness on their part.[1] Mr. Kim states that as an uneducated immigrant without knowledge of English he depended on Mr. Chung to prepare correct tax returns. Mr. Kim therefore argues that he could not have possessed the degree of intent required for tax evasion, because he disclosed all relevant information to Mr. Chung and was unable to understand the returns Mr. Chung prepared. Mrs. Kim argues that she did not possess the requisite intent because she neither assembled financial information nor dealt with Mr. Chung at any time.

■ In reviewing the sufficiency of the evidence, we view the evidence in a light most favorable to the government and with all reasonable inferences and credibility choices made in support of the jury's verdict. The standard of review inquires whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *United States v. Nixon,* 816 F.2d 1022, 1029 (5th

Cir.1987), *cert. denied,* —— U.S. ——, 108 S.Ct. 749, 98 L.Ed.2d 762 (1988). For purposes of § 7201 evidence of willfulness must generally show a voluntary, intentional violation of a known legal duty. Such evidence is ordinarily circumstantial, since direct proof is often unavailable. *United States v. Schafer,* 580 F.2d 774, 781 (5th Cir.), *cert. denied,* 439 U.S. 970, 99 S.Ct. 463, 58 L.Ed.2d 430 (1978). Circumstantial evidence in this context may consist of, among other things, a failure to report a substantial amount of income, *United States v. Schechter,* 475 F.2d 1099, 1101 (5th Cir.), *cert. denied,* 414 U.S. 825, 94 S.Ct. 127, 38 L.Ed.2d 58 (1973), a consistent pattern of underreporting large amounts of income, *Holland v. United States,* 348 U.S. 121, 139, 75 S.Ct. 127, 137, 99 L.Ed. 150 (1954), the spending of large amounts of cash that cannot be reconciled with the amount of reported income, *United States v. Daniels,* 617 F.2d 146, 150 (5th Cir.1980), or "any conduct, the likely effect of which would be to mislead or to conceal." *Spies v. United States,* 317 U.S. 492, 499, 63 S.Ct. 364, 368, 87 L.Ed. 418 (1943).

■ The record amply supports the element of willfulness on the part of both Mr. and Mrs. Kim. The Kims failed to report $182,601 over the three years covered by the indictment. The underreporting was consistent over this period of time. The Kims also maintained many accounts at several different banks, and Mr. Kim made large cash deposits into these accounts during the reporting period. A rational jury might easily have concluded that the consistent underreporting of income demonstrated an intentional violation of the Kims' duty to pay taxes, and that maintaining numerous bank accounts constituted conduct designed to mislead the IRS. In addition, the Kims appear to have known that they had earned far more than they reported. Their extensive real estate purchases were well out of line with their reported income. With respect to Mrs. Kim specifi-

---

1. The elements of a § 7201 offense are willfulness, the existence of a tax deficiency, and an affirmative act constituting an evasion or attempted evasion of the tax. *Sansone v. United States,* 380 U.S. 343, 351, 85 S.Ct. 1004, 1010, 13 L.Ed.2d 882 (1965). The parties stipulated to the elements of deficiency and affirmative act prior to trial.

cally, the record shows that she received cash from female employees which supports the conclusion that she was aware of the amount of income the businesses were earning. It is therefore reasonable to infer that the Kims were aware of the extent of their earnings and willfully underreported their income.

The thrust of the Kims' argument is that Mr. Chung was responsible for determining the income shown on the tax returns. They argue that he prepared for Mr. Kim several financial statements that reflected far greater earnings than were reported to the IRS and yet ignored those earnings in preparing the returns. Mr. Chung testified, however, that Mr. Kim was a "walk-in customer" rather than a customer whose business activity Mr. Chung would oversee and with whom Mr. Chung would have a continuous relationship. This adequately explains Mr. Chung's role in the preparation of the conflicting documents. In addition, the jury seems reasonably to have concluded that the discrepancy between the tax returns and the financial statements provided further proof of Mr. Kim's willfulness in committing the offense. Mr. Chung testified that in preparing both the returns and the statements he depended on information provided by Mr. Kim, who apparently simply recited many of the figures orally to Mr. Chung. Giving false information to an accountant bears on intent to evade and defeat the payment of taxes, *Daniels*, 617 F.2d at 149, and the jury was certainly entitled to conclude that Mr. Kim deliberately fabricated the information for the returns.

*The Charge*

The Kims submitted four proposed instructions[2] that set forth the "theory of the defense." The instructions stated in essence that the Kims' reliance on the advice of their accountant demonstrated lack of willfulness. The district judge did not give the proposed instructions but did charge the jury as follows:

> Now, if Mr. and Mrs. Kim provided Mr. Chung, the CPA, with full information with relation to their taxable income and expenses during the year, and the defendants then adopted, signed and filed the tax return on form 1040 as prepared by Mr. Chung, without having reason to believe it was not correct, then you will find the defendants not guilty.

The Kims argue that the judge's failure to give their proposed charges rendered the trial fundamentally unfair.

■ A criminal defendant is entitled to have the jury instructed on a theory of the defense for which there is any foundation in the evidence. *Perez v. United States*, 297 F.2d 12, 15–16 (5th Cir.1961). The judge need not instruct the jury with the very words proposed by the defendant, but is only required to instruct in such a way that adequately and fairly presents the theory of the defense. *United States v. Barham*, 595 F.2d 231, 245 (5th Cir.), *appeal dism'd*, 608 F.2d 602 (5th Cir.1979), *appeal dism'd in part, aff'd in part*, 625 F.2d 1221 (5th Cir.1980), *cert. denied*, 450 U.S. 1002, 101 S.Ct. 1711, 68 L.Ed.2d 205 (1981).

> [T]he instructions must be sufficiently precise and specific to enable the jury to

2. The Kims submitted the following instructions:

27. Absence of willfulness may be shown by evidence showing that the Defendants did not report the income in question on the advice of their accountant. The advice need not be legally correct, but the Defendants must honestly and reasonably believe that the advice was correct and, therefore, relied on it.

28. It is the Defendants' theory that they did not report their income from their modeling studios for the years 1981, 1982 and 1983 because they relied upon the advice of their accountant, Mr. Jin Sung Chung, in good faith. Any such reliance precludes a finding of willful-

ness so that the Defendants are not guilty of any of the charges.

29. In the event that the Defendant made full disclosure of his taxable income to his accountant, Mr. Jin Sung Chung, for a particular year and the accountant did not prepare his return accordingly, then there would be no willfulness for that particular year, and you would have to find the Defendant not guilty for that year.

30. If you find that the Defendants had discussed this matter with Mr. Chung and the tax return was prepared pursuant to that advice, then you must find that the Defendants did not willfully file a false return and you should bring in a verdict of not guilty.

recognize and understand the defense theory, test it against the evidence presented at trial, and then make a definitive decision whether, based on that evidence and in light of the defense theory, the defendant is guilty or not guilty.

*Id.* at 244.

■ The judge properly charged the jury on the defense theory of reliance, and if the instruction has little resemblance to the Kims' requests, it is only because the theory is fractured among the four proposed instructions. Two of the proposed instructions note the element of good faith without mention of the requirement for full disclosure. One proposed instruction notes the element of full disclosure without mention of good faith. Instructions similar to proposed instruction No. 30 have been twice disapproved by this Court for their failure to incorporate the full disclosure requirement. *See United States v. Stone,* 431 F.2d 1286, 1289 (5th Cir.1970), *cert. denied,* 401 U.S. 912, 91 S.Ct. 879, 27 L.Ed.2d 811 (1971); *Bursten v. United States,* 395 F.2d 976, 982 (5th Cir.1968), *aff'd on remand,* 453 F.2d 605 (5th Cir. 1971), *cert. denied,* 409 U.S. 843, 93 S.Ct. 44, 34 L.Ed.2d 83 (1972). The district judge clearly recognized the problem [3] and simply combined the fragmented submissions into a single instruction. The instruction adequately and fairly presents the theory of the defense, and the district judge's refusal to use the very words proposed by the Kims presents no error.

■ The Kims nevertheless complain that the following instruction improperly stresses the government's assertion that failure to provide an accountant with correct information could constitute evidence of willfulness:

In other words, very simply stated, the question you are going to be called upon to decide in that area of willfulness and knowledge is this: Did Mr. and Mrs. Kim provide accurate information to their CPA.

If they did and he made the error, they're not responsible. If they did not furnish accurate information to them, if they willfully and deliberately concealed from him the fact that they had additional income, then they have complied with the terms of the statute and you may find them, if you find all of the other elements against them, you may find them guilty.

It is true that a charge on the theory of the defense must not unduly emphasize the theory of the prosecution. *Perez,* 297 F.2d at 16. The quoted language, however, narrowed the jury's attention in favor of the defense. The jury had previously been instructed that if they decided the Kims knew the returns were wrong, they could find the Kims guilty. In the quoted language the district judge passed over this issue and focused instead on the question of disclosure, thereby deemphasizing one aspect of the prosecution's theory. The instructions therefore placed no undue emphasis on that theory.

■ The Kims next argue that the district judge improperly refused to charge the jury on the lesser included offenses of willful failure to pay tax (26 U.S.C. § 7203) and willful delivery of a false return (26 U.S.C. § 7207). There was no basis for submission of these instructions, however, because the only fact issue at trial concerned the element of willfulness, and this issue was common to all three offenses. The three offenses "covered precisely the same ground" under the evidence; if the Kims' act was willful, then they were guilty of all three offenses, while if their act was not willful, they were guilty of none of the offenses. *Sansone v. United States,* 380 U.S. 343, 349–53, 85 S.Ct. 1004, 1009–11, 13 L.Ed.2d 882 (1965) (quoting *Berra v. United States,* 351 U.S. 131, 134, 76 S.Ct. 685, 688, 100 L.Ed. 1013 (1956)). Accordingly, the district judge properly re-

---

3. The judge commented during the charge conference: "I will say I have read your charge very carefully from the defendants' standpoint and tried to incorporate all of the elements. However there was an awful lot of duplication in that charge and I didn't want to give them the same charge twice in different words."

fused to charge the jury on lesser included offenses.

### Section 6064

Mrs. Kim argues that the presumption contained in 26 U.S.C. § 6064 is unconstitutional,[4] because it relieves the government of its obligation to prove its case beyond a reasonable doubt. Section 6064 provides:

> The fact that an individual's name is signed to a return, statement, or other document shall be prima facie evidence for all purposes that the return, statement, or other document was actually signed by him.

26 U.S.C.A. § 6064 (West 1989). The jury essentially was instructed that the signatures gave rise to a "mandatory presumption," i.e., that they must find an "ultimate fact" on proof of a "basic fact," unless the defendants present evidence to rebut the connection between the two. *See County Court of Ulster County v. Allen*, 442 U.S. 140, 157, 99 S.Ct. 2213, 2225, 60 L.Ed.2d 777 (1979). The constitutionality of a statute setting forth a mandatory presumption depends on the rationality of the connection between the facts proved and the ultimate fact presumed. *United States v. Gainey*, 380 U.S. 63, 66, 85 S.Ct. 754, 757, 13 L.Ed.2d 658 (1965). A presumption of this type will be regarded as irrational "unless it can at least be said with substantial assurance that the presumed fact is more likely than not to flow from the proved fact on which it is made to depend." *Leary v. United States*, 395 U.S. 6, 36, 89 S.Ct. 1532, 1548, 23 L.Ed.2d 57 (1969). There is little doubt that a person may rationally be presumed to have signed his name, when the name of that person has been signed to a return. The connection between the proved and presumed fact therefore shows no constitutional defect.

Mrs. Kim additionally argues that the statute "requires the defendant to testify against himself." This argument is clearly meritless, because nothing limited the manner in which Mrs. Kim might have disproved the genuineness of her signature.

### Residual Issues

Mrs. Kim states that she is a third-party beneficiary of the plea agreement between her husband and the government, and that by virtue of the agreement collateral estoppel operates in her favor. She provides neither argument nor authority for these points, and accordingly we do not pass on them. Fed.R.App.P. 28(a)(4).

AFFIRMED.

---

**4.** Mrs. Kim has not named the constitutional provision at issue, but because statutory presumptions are commonly analyzed under rules of Due Process, we employ such analysis here.

Mrs. Kim in essence complains of the court's instructions regarding the presumption:

> Now, let me tell you this about the signatures on the bottom of those tax returns. The fact that an individual's name is signed to a return is prima facie evidence for all purposes that the return, statement or other document was actually signed by him or her.
>
> In other words, you may consider if their signature is on the return, that they signed it, unless there is proof that they did not.
>
> And we talk about the language describing something. That simply means signing one's name to a document. And the law does not even require that the defendant personally sign the tax return.
>
> If you find sufficient circumstances present indicating that the defendant or defendants authorized the filing of the return with his or her name signed to it, that's enough for you to find that he or she made and subscribed the tax return for all purposes.

Mrs. Kim failed to object to this instruction, but did bring her complaint to the attention of the district judge in a Motion for Judgment of Acquittal. Accordingly, the issue was properly preserved. *See Leary v. United States*, 395 U.S. 6, 32, 89 S.Ct. 1532, 1546, 23 L.Ed.2d 57 (1969).