UNITED STATES of America,
Plaintiff–Appellee,

v.

Manuel D. CORDOVA–LARIOS,
Defendant–Appellant.

No. 89–8013.

United States Court of Appeals,
Fifth Circuit.

July 16, 1990.

Rehearing Denied Aug. 8, 1990.

William R. Maynard, Asst. Federal Public Defender, Lucien B. Campbell, Federal Public Defender, El Paso, Tex., for defendant-appellant.

LeRoy Morgan Jahn, Philip Police, Asst. U.S. Attys., Ronald F. Ederer, U.S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before REAVLEY, DUHÉ and WIENER, Circuit Judges.

DUHÉ, Circuit Judge:

This is an appeal from a conviction for possession of marihuana with intent to distribute. We reverse and remand.

On June 10, 1989, border patrol agents in El Paso observed a pick-up truck stopping on a road alongside the Rio Grande. A person stepped out of the bushes and placed several bundles into the bed of the truck. The agents followed the truck and attempted to stop it, but the driver evaded them. After a short chase the truck slowed down and the defendant fell out of the passenger door. The truck stopped and its driver escaped on foot. The bundles in the truck bed contained 120 pounds of marihuana. The defendant passenger was arrested and charged with importation of marihuana and possession with intent to distribute more than 50 kilograms of marihuana. The importation charge was dismissed on a motion for acquittal.

The defendant is a resident of Mexico. He testified that he often traveled to the United States to purchase goods for sale in Mexico. On June 9 he drove to Juarez with his brother-in-law and a friend in his brother-in-law's truck. The next day they met a man named Saenz in a Juarez bar. Saenz asked to borrow the truck to travel to Albuquerque, and the defendant testified that he saw an opportunity to buy goods there. He did not bring a change of clothes with him, and explained that he expected to return the next day. The two men drove to the border, and according to the defendant Saenz told him he wished to take two friends to Albuquerque and asked the defendant to cross the border on foot and meet him in an El Paso bar. Saenz later met the defendant at the bar and told him that they needed to pick up some baggage that his friends had left near the river. The defendant testified that Saenz never told him what was in the suitcases until the agents attempted to stop the truck and he asked Saenz why he was trying to evade them. The defendant also testified he attempted to take control of the truck from Saenz, but Saenz was able to push him out of the passenger door with his foot.

One of the agents testified that he did not believe any struggle was taking place inside the truck during the chase. A second agent testified that when arrested the defendant asked for leniency because the truck belonged to his brother-in-law. He apparently also promised to cooperate if the agents would show leniency, and said to the agent "I'm going to go to jail." Both agents stated that the defendant struggled at the time of his arrest. A third agent testified that during the chase the handling of the truck was uncontrolled and wild.

The jury found the defendant guilty of the possession charge and the judge sentenced the defendant to 33 months' imprisonment.

### Sufficiency of the Evidence

The defendant argues that the evidence is insufficient to support a conviction for possession, because the record shows only that he was in the presence of marihuana and not that he knowingly possessed it. In reviewing the sufficiency of the evidence, this Court views the evidence in the light most favorable to the government and with all reasonable inferences and credibility choices made in support of the jury's verdict. The Court inquires whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *United States v. Kim*, 884 F.2d 189, 192 (5th Cir.1989).

We believe a rational jury could have concluded beyond a reasonable doubt

that the defendant knowingly possessed marihuana. The record shows that the defendant told one of the agents that he had borrowed the truck from his brother-in-law to go to Albuquerque, accompanied Saenz, and permitted Saenz to drive. The defendant was also willing to permit Saenz to drive the borrowed truck across the border while the defendant himself crossed on foot. He did not bring a change of clothes or baggage of any kind. A substantial amount of marihuana was found in the bed of the truck. A rational jury might therefore have concluded that the defendant traveled with Saenz for the purpose of possessing marihuana with intent to distribute it.

### Jury Instructions

The defendant was refused the following instruction: "Mere presence at the scene of the crime and knowledge that a crime is being committed are not sufficient to establish that the defendant committed the crime, unless you find beyond [a] reasonable doubt that the defendant was a participant and not merely a knowing spectator." The defendant argues that he was improperly denied the instruction because a defendant is entitled to have the jury instructed on any defensive theory which has support in the record. The government has admitted that the proposed instruction was substantially correct, that "mere presence" may be characterized as a defense, and that "the district court arguably employed an incorrect approach in rejecting it."

A defendant is entitled to have the jury instructed on a theory of the defense for which there is any foundation in the evidence. *United States v. Kim*, 884 F.2d 189, 193 (5th Cir.1989). Mere presence in the area where drugs are found is insufficient to support a finding of possession. *United States v. Ferg*, 504 F.2d 914, 917 (5th Cir.1974). The record sufficiently supports the defensive theory of mere presence to entitle the defendant to the requested instruction. The conviction must therefore be reversed and the cause remanded to allow the defendant the proper instruction.

The defendant has raised one further issue on appeal, and we dispose of this point in the event the issue arises again on remand. The judge instructed the jury as follows: "Your sole interest is [to] seek the truth from the evidence in the case." The defendant asked the judge to append specific "reasonable doubt" language to this instruction. The government's burden of proof had been set forth earlier in the charge, and the judge denied the request. The defendant believes the instruction as given "dilutes" the proper burden of proof and that it conflicts with the duty of a jury to find a defendant guilty beyond a reasonable doubt.

The district court's refusal to append the defendant's proposed language is reviewed for abuse of discretion. *United States v. Mollier*, 853 F.2d 1169, 1174 (5th Cir.1988). We find nothing contradictory between the notions of truth seeking and finding guilt beyond a reasonable doubt. Accordingly, we conclude that the district judge did not abuse his discretion in declining to append the proposed language.

The judgment of conviction is REVERSED and the cause REMANDED.