**UNITED STATES of America,**
**Appellee,**

v.

**Cardell NEWTON, Defendant-Appellant.**

**No. 309, Docket 34537.**

United States Court of Appeals,
Second Circuit.

Argued Oct. 30, 1970.

Decided Nov. 16, 1970.

Certiorari Denied March 1, 1971.

See 91 S.Ct. 956.

Emanuel A. Moore, Asst. U. S. Atty. (Edward R. Neaher, U. S. Atty., E.D. N.Y., Brooklyn, N. Y., of counsel), for appellee.

Phylis Skloot Bamberger, New York City (Milton Adler, The Legal Aid Society, New York City, of counsel), for defendant-appellant.

Before MOORE, FRIENDLY and ADAMS,* Circuit Judges.

FRIENDLY, Circuit Judge:

On April 21, 1967, two Treasury Special Investigators, Kozinn and Levine, were conducting a surveillance of a building in Brooklyn. They observed defendant Cardell Newton drive up in a car and take from the rear seat area a paper bag which he then carried into the building. Approaching the car, they observed through a window that its rear seat had been removed and replaced with several cartons, some of which were covered with a blanket and others of which were not. In one of the uncovered cartons, Kozinn saw four gallon jugs which contained a clear liquid but bore no tax stamps. Their caps were not tightly closed, and Levine detected the odor of whiskey coming from the car, the cartons, and the jugs. Kozinn arrested Newton on his return. The agents removed the cartons, which contained 28 gallon jugs of what was later determined to be whiskey. Levine then entered the building and found in the vestibule the bag Newton had been carrying. This contained two unstamped jugs of a clear liquid, also later determined to be whiskey. In accordance with usual practice the agents destroyed all the seized property, see 26 U.S.C. § 5613(b), except for samples drawn from each jug.

* Of the Third Circuit, sitting by designation.

Newton claimed to be a private taxi driver. His explanation of the incident was that a pool-room acquaintance, known to him only as "Willie," asked him to deliver some cartons for a friend, since Willie's own car wasn't working. Newton's cab was not then available, but he offered to move the cartons in his brother's car. Willie stated that he usually got about $40 to $50 for doing such a job, and Newton agreed to this as a price. A drive of some 10 minutes took them to Willie's friend, identified only as "Big Red." Big Red was getting ready to move the cartons in his own station wagon but this also wouldn't go, so he and Willie removed the back seat from the Newton car and loaded the cartons, covering them with a blanket. Newton allegedly had gone to a bathroom while this occurred. He then set off for the designated destination, some 20 minutes away, where he was told a man would be awaiting his arrival. He professed ignorance of the contents of the cartons and of the bag that he later carried into the building, allegedly by the top. Moreover, he claimed not to have detected the smell of whiskey.

Not crediting this story, the jury convicted Newton of knowingly and wilfully possessing distilled spirits without tax stamps attached and of knowingly and wilfully transporting distilled spirits without complying with the applicable provisions of the internal revenue laws in violation of 26 U.S.C. § 5205(a) (2). The judge imposed concurrent sentences of 24 months with only one month to be served in prison and the additional 23 on probation.

■ The defendant makes much of the court's instruction:

"The Government's two witnesses testified to facts which, if established, would show that Mr. Newton knew what he was transporting, and therefore would establish the knowing and willful possession and the knowing and willful transportation. The de-

fendant testified to facts which would defeat that."

We are told, with apparent seriousness, that the facts here are "virtually identical" with United States v. Murdock, 290 U.S. 389, 393, 54 S.Ct. 223, 225, 78 L.Ed. 381 (1933), where the judge instructed that "The Court feels from the evidence in this case, that the Government has sustained the burden cast upon it by the law and has proved that this defendant is guilty in manner and form as charged beyond a reasonable doubt." Quite clearly they are not. The judge made it plain that the jury had the sole responsibility for determining the disputed question of fact, stating that "the main issue here is if the defendant knew what he was doing when he had possession and when he was transporting these things." It is equally plain that what the court should have said, in lieu of the passage quoted, was that "The Government's two witnesses testified to facts which, if established *would allow you to find* that Mr. Newton knew what he was transporting and that his possession and transportation were therefore knowing and willful." The judge would surely have made this correction if the point had been called to his attention. But defense counsel proffered no pertinent objection, doubtless because he realized that if the jurors credited the agents' testimony about the visibility and odor of the whiskey, they could not rationally entertain a reasonable doubt with respect to Newton's knowledge. The defect in the instruction thus lay only in its failure to take account of the jury's "power to bring in a verdict in the teeth of both law and facts." Horning v. District of Columbia, 254 U.S. 135, 138, 41 S.Ct. 53, 54, 65 L.Ed. 185 (1920). But even as to that, as we have said in a similar context, it defies reality to suppose that such a deviation from the norm "which did not attract an objection from attentive counsel, lingered in the jury's mind," United States v. Kahaner, 317 F.2d 459, 478–479, cert. denied 375 U.S. 836, 84 S.Ct. 74, 11 L.Ed.2d 65 (1963).

■ Continuing the attack on the charge, appellate counsel criticizes the judge for having told the jury that it could consider whether a man with 30 gallons of illicit liquor would turn it over to a stranger and whether someone transporting a paper bag with two gallon jugs would carry it by the top. These remarks, it is claimed, assumed facts which only the jury could find. But the first statement was a reference to Newton's own story with respect to Big Red, supplemented only by the uncontroverted fact that the shipment was of 30 gallons of illicit liquor. Similarly, with respect to the second statement, Newton himself said he carried the bag by the top from the car into the building, and he did not dispute that the bag in fact contained two gallon jugs but only that he knew what it contained. While the jury had the power to find that the paper bag did not contain jugs, although all the evidence was that it did and the defense had not asserted the contrary, it was not error, let alone plain error, for the judge to pose a question based on the uncontroverted proof. See Horning v. District of Columbia, *supra*, 254 U.S. at 138–139, 41 S.Ct. 53, 65 L.Ed. 185.

■ The final criticisms concern two points in the prosecutor's summation, neither of which was objected to at the trial. In an endeavor to discredit Agent Levine's testimony that the smell of whiskey emanated from the car, jugs, and cartons, defense counsel argued that the Government could have brought a carton and a jug into court to demonstrate this fact instead of relying on samples. The prosecutor responded by pointing out that two years had elapsed since the seizure and the Government would need "an immense facility" if it had to store all the illicit alcohol it had seized. This appeal to the jury's common sense, which would have been clearly proper if done in the form of a rhetorical question, is claimed to have introduced evidence not presented during the trial. Here again the case cited, Dunn v. United States, 307 F.2d 883, 885–886 (5 Cir. 1962), is more illuminating by its difference than its resemblance; Hilliard v. United States, 121 F.2d 992, 996–997 (4 Cir.), cert. denied, 314 U.S. 627, 62 S.Ct. 111, 86 L.Ed. 503 (1941), cited by the Government is much closer to the point. The other contention is that in arguing the implausibility of someone offering to pay Newton $40 to $50 for a half hour's work, the prosecutor added that this was a poor neighborhood and "people generally in that area do not have this kind of money unless they are engaged in some kind of illegal activity." Counsel evidently sees in this an appeal to prejudice against the poor which we do not perceive. While this unnecessary fillip would much better have been avoided, it was a long way from the "plain error" that would justify ordering a new trial in this exceedingly plain case.

Affirmed.