**UNITED STATES of America, Appellee,**

v.

**Jesus CANO, Appellant.**

**No. 941, Docket 82–1339.**

United States Court of Appeals, Second Circuit.

Argued March 1, 1983.

Decided March 4, 1983.

Ephraim Savitt, Asst. U.S. Atty., E.D. N.Y., Brooklyn, N.Y. (Raymond J. Dearie, U.S. Atty., E.D.N.Y., Jane Simkin Smith, Asst. U.S. Atty., Brooklyn, N.Y., of counsel), for appellee.

Barry Bassis, The Legal Aid Society, Federal Defender Services Unit, New York City (Stephen Lloyd Barrett, New York City, of counsel), for appellant.

Before FEINBERG, Chief Judge, and CARDAMONE and PIERCE, Circuit Judges.

PER CURIAM:

Defendant Jesus Cano appeals from a judgment of conviction entered in the United States District Court for the Eastern District of New York after a jury trial before Eugene H. Nickerson, J. The jury found Cano guilty of knowingly and intentionally importing cocaine into the United States from Colombia, South America, in violation of 21 U.S.C. §§ 952(a), 960(a)(1), and knowingly and intentionally possessing cocaine with intent to distribute it, in violation of 21 U.S.C. § 841(a)(1). The judge sentenced Cano to two concurrent terms of three years imprisonment followed by five years of special parole. Cano is presently incarcerated.

There is no dispute that customs agents at Kennedy Airport found that the suitcase Cano was carrying contained a total of 884.4 grams of cocaine in foil packages, concealed inside hollowed-out magazines packed in two large envelopes. Cano's defense at trial was that he did not know that the envelopes contained cocaine. He testified that he had come to the United States for business, and had agreed to deliver

what he thought were simply Colombian magazines to an address in New York as a favor to a friend. He claims on appeal that the jury was misled about how to decide this contested issue of knowledge by the judge's "unbalanced" charge on conscious avoidance.

The judge charged the jury on the meaning of "knowingly and intentionally" four times: in the original charge, and three times during deliberation in response to the jury's questions. Each time, he told the jury that they might find the requisite knowledge if they found that the defendant was aware of a high probability that the envelopes contained drugs, but deliberately closed his eyes to that probability. He also stated each time that mere negligence, foolishness or mistake on the part of the defendant would not be enough to establish knowledge. However, he never instructed the jury that a finding that defendant actually believed the envelopes did not contain drugs would preclude finding the requisite knowledge.

Defendant's trial counsel, who does not represent him on appeal, never objected to either the conscious avoidance formulations or the charges on knowledge and intent as a whole; nor did defense counsel propose any alternative language. Thus, under our well-recognized authorities, e.g., *United States v. Indiviglio,* 352 F.2d 276 (2d Cir. 1965) (in banc), cert. denied, 383 U.S. 907, 86 S.Ct. 887, 15 L.Ed.2d 663 (1966), we may not reverse unless we believe that the judge committed "plain error" or that the charge contained a defect affecting substantial rights of the defendant. F.R.Crim.P. 52(b).

Certainly, the instruction on knowledge implicated Cano's substantial right to adequate jury instructions on each element of the crime, see *United States v. Montiell,* 526 F.2d 1008, 1010 (2d Cir.1975), since the critical issue at trial was whether Cano knew what was in the envelopes he was carrying. Moreover, this court has made clear that "[w]hen knowledge of the existence of a particular fact is an element of an offense," the jury should be instructed that "such knowledge is established if a person is aware of a high probability of its existence, *unless he actually believes that it does not exist*" (emphasis supplied). *United States v. Bright,* 517 F.2d 584, 587 (2d Cir.1975). See also *United States v. Aulet,* 618 F.2d 182, 190–91 (2d Cir.1980); *United States v. Precision Medical Laboratories, Inc.,* 593 F.2d 434, 445 (2d Cir.1978); *United States v. Hanlon,* 548 F.2d 1096, 1100–02 (2d Cir. 1977). Indeed, to help ensure that the judge gives this charge in an appropriate case, we suggest that in the future government attorneys should make a practice of requesting it, including the italicized language, in cases where the element of knowledge is at issue in circumstances like those presented here.

But, having said this, we cannot conclude that the instruction in this case was plain error or fatally defective. In evaluating the significance of the failure to charge the jury on defendant's actual belief, we must compare the model charge quoted above with the charge actually given. *Henderson v. Kibbe,* 431 U.S. 145, 154, 97 S.Ct. 1730, 1736, 52 L.Ed.2d 203 (1977). Each time the jury was instructed on conscious avoidance, it was also cautioned that mere negligence or foolishness was not enough. In our view, in this case the absence of the precise balancing language called for by *Bright,* supra, a "deviation from the norm" that was not egregious enough to trigger an objection on any of the four occasions on which it was delivered, *United States v. Newton,* 434 F.2d 163, 165 (2d Cir.1970), cert. denied, 401 U.S. 944, 91 S.Ct. 956, 28 L.Ed.2d 226 (1971), does not call for reversal. See also *Henderson,* supra, 431 U.S. at 155, 97 S.Ct. at 1737. This is not a case in which the judge failed to instruct on an element of the crime, cf. *United States v. Howard,* 506 F.2d 1131 (2d Cir.1974) (failure to explain elements of crime held plain error), nor was the law affirmatively misstated, see *Henderson,* supra, 431 U.S. at 155, 97 S.Ct. at 1737. ("An omission, or an incomplete instruction, is less likely to be prejudicial than a misstatement of the law."). The jury was properly instructed to focus on the issue of knowledge, and the charge was sufficient to inform them not to infer knowledge from

anything less than a deliberate disregard of a high probability that the envelopes contained contraband—which would be inconsistent with a finding that Cano actually believed they did not. Cf. *United States v. Morales,* 577 F.2d 769, 773–75 (2d Cir.1978). Thus, the charge cannot be characterized as plain error under F.R.Crim.P. 52(b).

The judgment of conviction is affirmed.