UNITED STATES of America, Appellee,

v.

Ali SHAREEF, a/k/a "Kenneth Perry" and Tiahmo Rauf, a/k/a "Robert Wise", Appellants.

Cal. Nos. 1115, 1068, Dockets 82–1401, 82–1407.

United States Court of Appeals, Second Circuit.

Argued April 12, 1983.

Decided Aug. 8, 1983.

---

ceived by mail, courier, or wire service. In reliance on appellants' representations, investors paid over $68,000 to the companies. With few exceptions, however, no purchases of gold or silver were made on behalf of these investors, and no sales proceeds were received by them. Substantial amounts of company funds were appropriated by appellants for their personal use or benefit. In their contacts with investors who did not know them, Rauf used the name Robert or Bob Wise, and Shareef used the name Kenneth or Ken Perry.

Thomas A. Martin, New York City, for appellant Shareef.

Barry Bassis, New York City (The Legal Aid Soc., New York City, on brief), for appellant Rauf.

Kenneth I. Wirfel, Asst. U.S. Atty., New York City (Raymond J. Dearie, U.S. Atty., E.D.N.Y., Jane Simkin-Smith, Asst. U.S. Atty., New York City, of counsel), for appellee.

Before MANSFIELD, VAN GRAAFEILAND and FRIEDMAN *, Circuit Judges.

VAN GRAAFEILAND, Circuit Judge:

Tiahmo Rauf and Ali Shareef appeal from judgments convicting them of mail fraud and wire fraud following a jury trial before Judge Pratt in the United States District Court for the Eastern District of New York. We affirm.

The Government's proof may be summarized succinctly. Between January and July, 1980, appellants operated two businesses under the names of U.S. Gold Exchange and GSC Membership. Appellants solicited investors by mail and telephone to purchase gold and silver through these companies, representing that monies paid by the investors would be applied to the purchase of gold or silver, that the purchased metal either would be stored for or delivered to the investors, and that, at the direction of the investors, it would be sold for their benefit. Purchase orders were taken over the telephone, and payments were re-

Rauf's sole contentions on appeal are directed to the district court's charge. His principal contention is that the court gave an unbalanced instruction concerning conscious avoidance of knowledge. At one point in its detailed instructions on the law, the court stated:

In other words, you may find that a defendant acted knowingly if you find that either he actually knew of the false or fraudulent representations or promises, or that he deliberately closed his eyes to what he had every reason to believe was the fact.

This court repeatedly has emphasized that " '[w]hen knowledge of the existence of a particular fact is an element of an offense', the jury should be instructed that 'such knowledge is established if a person is aware of a high probability of its existence, *unless he actually believes that it does not exist.*' " *United States v. Cano,* 702 F.2d 370, 371 (2d Cir.1983) (per curiam) (quoting *United States v. Bright,* 517 F.2d 584, 587 (2d Cir.1975)). *Accord United States v. Aulet,* 618 F.2d 182, 190–91 (2d Cir.1980); *United States v. Morales,* 577 F.2d 769, 773–74 (2d Cir.1978). We have "suggest[ed]" also that Government attorneys should request that "actual belief" language be added to instructions on conscious avoidance of knowledge. *United States v. Cano, supra,* 702 F.2d at 371.

Instead of using the "actual belief" balancing language, the district court apparently adopted language from *United States*

* Of the U.S. Court of Appeals for the Federal Circuit, sitting by designation.

*v. Morales, supra,* 577 F.2d 769, where we said that "[c]onscious avoidance may also amount to the kind of negligence or foolishness that does not constitute a basis for a 'knowing' violation." *Id.* at 774 n. 4. Immediately following the above-quoted portion of his charge, the district court instructed the jury:

I should like to emphasize, however, that the requisite knowledge in this connection cannot be established by demonstrating merely negligence or even foolishness on the part of a defendant.

Although we do not consider this instruction to be an acceptable substitute for the balancing charge which incorporates the concept of "actual belief", its use in the instant case did not constitute reversible error. The challenged language was used only once in the charge, and it was accompanied by lengthy instructions to the effect that neither mistake nor inadvertence would justify a finding of fraudulent intent. Moreover, in view of the strength of the Government's case, to the extent that the charge was error, it was harmless error. Tape-recorded misrepresentations by Rauf were introduced into evidence. Rauf, who testified, admitted knowing that Shareef previously had been convicted of mail fraud, that company bills were not being paid, that customers were complaining, that he had lied to the FBI about his own use of an alias, and that he had withdrawn company funds without authorization. This is not the type of proof that invites reversal.

Rauf also challenges the court's instructions to the effect that a belief on his part that the venture ultimately would succeed in such a way that no one would suffer a loss, would not excuse false representations which might have subjected others to the possibility of such a loss. This, however, was not an erroneous instruction. *See, e.g., United States v. AMREP Corp.,* 560 F.2d 539, 547 (2d Cir.1977), *cert. denied,* 434 U.S. 1015, 98 S.Ct. 731, 54 L.Ed.2d 759 (1978); *United States v. Tellier,* 255 F.2d 441, 449 (2d Cir.), *cert. denied,* 358 U.S. 821, 79 S.Ct. 33, 3 L.Ed.2d 62 (1958). If, as the evidence demonstrated, the defendants obtained money from victims on the false representation that it would be used to purchase gold and silver, then hope that no one would suffer a loss would not negate their fraudulent intent. Other unobjected to portions of the district court's charge did not constitute plain error. *See United States v. Indiviglio,* 352 F.2d 276, 280–81 (2d Cir.1965) (en banc), *cert. denied,* 383 U.S. 907, 86 S.Ct. 887, 15 L.Ed.2d 663 (1966).

Shareef's allegations of error are equally without substance. The district court did not abuse its discretion in denying Shareef's motion for severance, *United States v. Carpentier,* 689 F.2d 21, 27–28 (2d Cir.1982), *cert. denied,* —— U.S. ——, 103 S.Ct. 735, 74 L.Ed.2d 957 (1983), or in admitting evidence of Shareef's prior conviction for mail fraud, *see United States v. Santiago,* 528 F.2d 1130, 1134 (2d Cir.), *cert. denied,* 425 U.S. 972, 96 S.Ct. 2169, 48 L.Ed.2d 795 (1976). Shareef's remaining allegations of evidentiary error do not merit discussion. Neither does his contention that his guilt was not established beyond a reasonable doubt.

The judgments of conviction are affirmed.