UNITED STATES of America, Appellee,

v.

Mirahmad FEROZ,
Defendant–Appellant.

No. 1150, Docket 87–1439.

United States Court of Appeals,
Second Circuit.

Argued May 11, 1988.

Decided June 1, 1988.

Daniel H. Murphy, II, New York City, for defendant-appellant.

Jerome C. Roth, Asst. U.S. Atty., Brooklyn, N.Y. (Andrew J. Maloney, U.S. Atty., E.D.N.Y., Emily Berger, Asst. U.S. Atty., Brooklyn, N.Y., of counsel), for appellee.

Before KAUFMAN, PIERCE, and ALTIMARI, Circuit Judges.

PER CURIAM:

This is an appeal from a judgment of conviction entered in the United States District Court for the Eastern District of New York following a jury trial before the Honorable Joseph M. McLaughlin. Appellant, who was convicted of importing heroin into the United States, claims on appeal that the district court erroneously instructed the jury on "conscious avoidance", and therefore his conviction should be vacated. Although we agree with appellant that the court's instruction was incomplete, we do not believe that the court committed plain error, and we therefore affirm.

## BACKGROUND

On April 22, 1987, appellant arrived at John F. Kennedy International Airport on a flight from London carrying a passport in the name of "Mirahmad Feroz" and an attache case concealing 971.56 grams of 54% pure heroin in a secret compartment. Appellant, who states that his real name is Mohammed Ishaq Feroz, was arrested and charged with "knowingly and intentionally" importing heroin into the United States, in violation of 21 U.S.C. § 952(a), and with "knowingly and intentionally" possessing heroin with intent to distribute, in violation of 21 U.S.C. § 841(a)(1).

At trial, Feroz claimed that he had been unaware that the attache case contained contraband. Feroz testified that a man named Mirahmad, whom he had known in Afghanistan, had offered to help him emigrate from India to the United States. Two hours before the initial flight was ready to depart from Delhi, India to London, Mirahmad presented Feroz with a false passport, a ticket, and the attache case, which appeared to be empty.

Prior to instructing the jury Judge McLaughlin asked defense counsel if the proposed charge was "all right". Counsel replied that he was not happy with the proposed "conscious avoidance" charge, but he offered no specific objection at that time or later. The court subsequently instructed the jury that the government was required to prove beyond a reasonable doubt that Feroz had knowingly and intentionally imported heroin into the United States. The court then gave the following "conscious avoidance" charge:

> The element of knowledge may be satisfied by inferences drawn from proof that a defendant deliberately closed his eyes to what otherwise would have been obvious to him. A finding beyond a reasonable doubt of a conscious purpose to avoid knowledge would permit an inference of knowledge. Stating that another way, a defendant's knowledge of a fact may be inferred from his willful blindness to the existence of the fact. It is entirely up to you as to whether you find any deliberate closing of the eyes and the inferences to be drawn from any such evidence. A showing of negligence or mistake is not enough to support a finding of willfulness or knowledge.

Two hours into its deliberations, the jury sent a note asking whether "the deliberate closing of one's eyes and ears as to what is being carried [is] a presumption of guilt." With the agreement of defense counsel, the court reread the original instruction on conscious avoidance. The jury subsequently sent another note asking whether the defendant could be convicted if he knew that the attache case contained a controlled substance, but not necessarily heroin. In response, the court reiterated that knowledge is an essential element of the crime, defined "knowledge", and gave the conscious avoidance charge once more—again without objection. Feroz was subsequently convicted of the importation charge and acquitted of the charge of possession with intent to distribute.

## DISCUSSION

As we have written previously, the conscious avoidance charge is "used where a defendant has claimed lack of some specific aspect of knowledge necessary to conviction but where the evidence may be construed as deliberate ignorance." *United States v. Lanza*, 790 F.2d 1015, 1022 (2d Cir.), *cert. denied*, —— U.S. ——, 107 S.Ct. 211, 93 L.Ed.2d 141 (1986). This court has repeatedly emphasized that, in giving the conscious avoidance charge, the district judge should instruct the jury that knowledge of the existence of a particular fact is established (1) if a person is aware of a high probability of its existence, (2) unless he actually believes that it does not exist. *United States v. Shareef*, 714 F.2d 232, 233 (2d Cir.1983); *United States v. Cano*, 702 F.2d 370, 371 (2d Cir.1983) (per curiam); *United States v. Aulet*, 618 F.2d 182, 191 (2d Cir.1980); *United States v. Morales*, 577 F.2d 769, 774 n. 4 (2d Cir.1978); *United States v. Bright*, 517 F.2d 584, 587–88 (2d Cir.1975).

On at least two occasions, this court has considered whether a district court's failure to include the foregoing language in a conscious avoidance charge constitutes plain error. In *Cano*, the defendant claimed at trial that he had been unaware that certain envelopes in his possession contained cocaine. The judge charged the jury on conscious avoidance four times; each time, he told the jury that they might find the requisite knowledge if they found that the defendant had been aware of a high probability that the envelope contained drugs but had deliberately closed his eyes to that probability. The judge also stated each time that mere negligence or foolishness would not be enough to establish knowledge. The judge never instructed the jury, however, that if the defendant had actually believed that the envelopes did not contain drugs he could not have formed the requisite intent; nevertheless, defense counsel failed to object to the charges. On appeal, this court held that the instruction was not plain error, because (1) "[e]ach time the jury was instructed on conscious avoidance, it was also cautioned that mere negligence or foolishness was not enough"; and (2) the charge was sufficient to inform the jury not to infer knowledge from anything

less than a deliberate disregard of a high probability that the envelopes contained contraband. 702 F.2d at 371–72.

In Shareef, the district judge instructed the jury that it could infer knowledge on the part of the defendant if it found that "he deliberately closed his eyes to what he had every reason to believe was the fact." The judge did not instruct the jury to decide whether the defendant was aware of a "high probability" that he was carrying drugs, although arguably the instruction given conveyed the same meaning. In addition, however, the district judge failed to instruct the jury on the "actual belief" concept; instead, the judge stated that "the requisite knowledge in this connection cannot be established by demonstrating merely negligence or even foolishness on the part of the defendant." On appeal, this court stated that, although the instruction given was not an "acceptable substitute" for the charge incorporating the concept of "actual belief", the district court had not committed plain error because (1) the challenged language was used only once in the charge; (2) the challenged language was accompanied by lengthy instructions to the effect that neither mistake nor inadvertence would justify a finding of fraudulent intent; and (3) in light of the strength of the government's case, the charge would have been harmless error at most. 714 F.2d at 233–34.

In the present case, the district court's instruction was similar to the instruction given in Shareef and therefore did not constitute plain error. Although Judge McLaughlin did not state that Feroz's knowledge would be established if Feroz was aware of a "high probability" that the attache case contained drugs, the judge did state that knowledge could be inferred if Feroz "deliberately closed his eyes to what otherwise would have been obvious to him." Like the district judge in Shareef, Judge McLaughlin failed to give the recommended instruction on "actual belief"; however, Judge McLaughlin did accompany his instructions with language to the effect that "[a] showing of negligence or mistake is not enough to support a finding of willfulness or knowledge." Taking into account the similarity of these instructions to the charges given in Cano and Shareef, we do not believe that the court committed plain error in failing to charge the jury on "high probability" and "actual belief". See, e.g., United States v. Bradley, 812 F.2d 774, 778 (2d Cir.) (" 'Plain error' is error going 'to the very essence of the case,' " such that " 'the trial judge and prosecutor were derelict in countenancing it, even absent the defendant's timely assistance in detecting it.' " (citations omitted)), cert. denied, — U.S. ——, 108 S.Ct. 107, 98 L.Ed.2d 67 (1987). We therefore affirm Feroz's conviction on the heroin importation charge.

Nevertheless we are troubled by the fact that the government has failed once again to request the proper instruction on conscious avoidance, despite our previous urgings. See Cano, 702 F.2d at 371 ("[T]o help ensure that the judge gives this charge in an appropriate case, we suggest that in the future government attorneys should make a practice of requesting it...."). Accord Shareef, 714 F.2d at 233. By now our message should be clear: the prosecutor should request that the "high probability" and "actual belief" language be incorporated into every conscious avoidance charge. In the hope that we will not be called upon continually to address this matter, we direct the Clerk of this Court to issue copies of this opinion, within ten days of the issuance of the mandate, to the six United States Attorneys within the Second Circuit, together with a request that the opinion be circulated to every Assistant United States Attorney engaged in criminal prosecutions, within three weeks following the issuance of the mandate.

It is so ordered.