**UNITED STATES of America, Appellee,**

v.

**Steven PIRRE, Defendant–Appellant.**

**No. 785, Docket 90–1370.**

United States Court of Appeals, Second Circuit.

Argued Jan. 29, 1991.

Decided March 5, 1991.

---

Colleen P. Cassidy, New York City, Legal Aid Soc., Federal Defender Services Appeals Unit, for defendant-appellant.

Jonathan D. Polkes, Brooklyn, Asst. U.S. Atty. (Andrew J. Maloney, U.S. Atty., Susan Corkery, Asst. U.S. Atty., of counsel), E.D.N.Y., for appellee.

Before KEARSE, PRATT, and McLAUGHLIN, Circuit Judges.

GEORGE C. PRATT, Circuit Judge:

Stephen Pirre appeals from a sentence imposed by the United States District Court for the Eastern District of New York, I. Leo Glasser, *Judge*, after he pled guilty to importing cocaine in violation of 21 U.S.C. § 963. He contends that because the government did not actually weigh all 15 packages of the cocaine seized, but merely estimated the weight from a sample of two of them, and because the government had destroyed five of the packages before trial, making actual weighing of the total impossible, imposition of a sentence derived from that estimate was based on insufficient evidence and violated his right to an accurate fact-finding process.

## BACKGROUND

On October 26, 1989, Pirre attempted to board a military flight from Panama to the United States while carrying a television carton. Inspection revealed that the carton concealed 15 brick-shaped packages wrapped in brown tape. When the government determined that the packages contained cocaine, it seized them, along with some small bags marked "sample", and arrested Pirre.

Brought back to the United States, Pirre pled guilty in the Eastern District of New York to importing cocaine, in violation of 21 U.S.C. § 963. At his allocution, the district court asked him if he knew about how much cocaine he had been carrying. Pirre answered, "15." After the district court queried, "15 what, kilograms?", the government attorney responded, "Yes." The district court then stated, "15 kilograms, okay." Neither Pirre nor his attorney disputed the amount nor objected to the statement.

At sentencing, Pirre disputed the presentence report's assignment of a base offense level of 34, based on an alleged net weight of 15.09 kilograms of cocaine. He argued that since the threshold for assigning that level was 15 kilograms, and since the estimated weight was so close to that threshold, the government must actually weigh all the bricks, rather than estimate the total weight by extrapolating from the

weight of only two. Moreover, since the government had destroyed five bricks because it needed storage space, Pirre contended that the loss of those bricks made it impossible to determine the actual total weight of the cocaine which, he argues, could have been less than 15 kilograms.

The district court held a hearing to require the government to prove the weight of the cocaine. There, the government chemist, Edward Manning, gave extensive testimony about the method he used in examining, weighing, and calculating the total amount of cocaine. After the hearing, the district court found that the government had proved the weight of the cocaine as 15.09 kilograms by a preponderance of the evidence. It then followed the recommendations in the presentence report and sentenced Pirre to 78 months in prison.

Pirre renews his argument on appeal.

## DISCUSSION

Pirre contends that because the estimated weight of 15.09 kilograms was so close to the 15 kilogram threshold of the base offense level, the government should have weighed all of the cocaine, or, at the least, it should have kept all 15 bricks so Pirre could have weighed them. He claims that the chemist's estimate was unreliable and legally insufficient to determine the actual weight of the cocaine and that, because it is now impossible to ascertain the actual weight, sentencing him on the higher offense level violates his right to a fair and accurate sentencing process.

■ For sentencing purposes, the amount of cocaine involved in an offense is an issue of fact which must be established by a preponderance of the evidence. *United States v. Lee*, 818 F.2d 1052, 1057 (2d Cir.), *cert. denied*, 484 U.S. 956, 108 S.Ct. 350, 98 L.Ed.2d 376 (1987); *see United States v. Rivalta*, 892 F.2d 223, 231 (2d Cir.1989); *United States v. Guerra*, 888 F.2d 247, 249–50 (2d Cir.1989), *cert. denied*, — U.S. —, 110 S.Ct. 1833, 108 L.Ed.2d 961 (1990). We review the district court's finding as to the amount of cocaine under a clearly erroneous standard. *United States v. Campuzano*, 905 F.2d 677, 680 (2d Cir.),

*cert. denied*, — U.S. —, 111 S.Ct. 363, 112 L.Ed.2d 326 (1990).

■ At the hearing, Manning testified: that the 15 packages appeared to be the same size, most had the same distinctive logo, were wrapped in the same type of electrical tape, and appeared to be one-kilogram bricks, a standard unit used by drug dealers to package cocaine; that eight packages were tested and were found to contain the same substance—cocaine hydrochloride of 88% purity; that the total weight of the bricks with their packaging was 15.806 kilograms; and that the contents of the two packages that were actually weighed averaged over one kilogram.

Manning also explained the method used to calculate the weight. He weighed the contents of two packages, averaged the amount, multiplied that figure by 15, and added the weight of the cocaine from the small "sample" bags, to obtain a total weight of 15,098.65 grams (or 15.09865 kilograms). His scale, which was calibrated daily, had a margin of error of only hundredths of a gram, so he eliminated any possibility of an over-estimate by dropping the tenths of a gram and rounding the figure down to 15.09 kilograms. He did not include, in the original weighing, any of the cocaine that spilled off the scale or that remained as residue in the package wrapping. In his view, the estimated total of 15.09 kilograms was a minimum figure, derived from a conservative method that gave every benefit of the doubt to Pirre.

Despite Pirre's objections, Manning's testimony provided sufficient evidence for the district court to conclude that the estimate was reliable. Moreover, given the facts that, at the time of his plea, Pirre did not object to the district court's clarification that 15 kilograms were involved, that Pirre never asked to weigh any of the ten remaining bricks in order to test the accuracy of the chemist's extrapolation, and that he introduced no evidence to suggest that the packages actually weighed less than 15 kilograms, the district court could reasonably have found that a preponderance of the

evidence proved Pirre had been carrying more than 15 kilograms of cocaine.

■ Finally, there was no due process violation. Pirre makes no claim that the five bricks were destroyed by the government in bad faith. Rather, he concedes that the government's reason for destroying them was administrative: a need for more storage space. Thus, even should we assume that those five bricks might have been potentially useful in his behalf, absent bad faith there is no violation. *Arizona v. Youngblood*, 488 U.S. 51, 58, 109 S.Ct. 333, 337, 102 L.Ed.2d 281 (1988); *California v. Trombetta*, 467 U.S. 479, 488, 104 S.Ct. 2528, 2533, 81 L.Ed.2d 413 (1984); *Buie v. Sullivan*, 923 F.2d 10, 11–12 (2d Cir.1990).

■ We agree with Pirre that it is preferable, when feasible, for the government to actually weigh all the contraband it seizes, particularly when sentencing levels depend on weight, as in this case. Nevertheless, we cannot say that in all cases a complete weighing is required. It is sufficient for the government to show that its method of estimating the total is grounded in fact and is carried out in a manner consistent with accepted standards of reliability. The district court's finding that these packages contained more than 15 kilograms of cocaine was not clearly erroneous.

The sentence is therefore affirmed.