UNITED STATES of America, Appellee,

v.

Maritza RODRIGUEZ, Defendant–Appellant.

No. 89, Docket 92–1184.

United States Court of Appeals, Second Circuit.

Argued Sept. 24, 1992.

Decided Jan. 14, 1993.

Kenneth Ramseur, New York City, for defendant-appellant.

Joseph R. Conway, Asst. U.S. Atty., Brooklyn, NY (Andrew J. Maloney, U.S. Atty., David C. James, Asst. U.S. Atty., on the brief), for appellee.

Before NEWMAN, WINTER, and MAHONEY, Circuit Judges.

JON O. NEWMAN, Circuit Judge:

This appeal challenges primarily a trial judge's decision to include in the jury instructions a charge on the defendant's conscious avoidance of the knowledge element of the crime with which she is charged. It also requires us to refine our consideration of the standard for determining when such a charge should be given. These matters arise on an appeal by Maritza Rodriguez from the March 24, 1992, judgment of the District Court for the Eastern District of New York (Eugene H. Nickerson, Judge) convicting her, after a jury trial, of narcotics offenses. We conclude that the "conscious avoidance" charge was properly given, and we therefore affirm.

## FACTS

As Rodriguez was returning from a two-week trip in Venezuela, a customs inspector at JFK airport noticed that the sides of one of her suitcases appeared abnormally heavy and thick. Cutting into the sides of the suitcase, the inspector found what turned out to be 1,939 grams of 75 percent pure cocaine. Rodriguez, and her two traveling companions—her daughter and a friend named Yesenia Maria Taveras—were immediately arrested, and Rodriguez

and Taveras were charged with conspiracy and substantive offenses.

Rodriguez told the arresting officers, and later testified to, the following circumstances. Her mother had given her and her daughter tickets from New York to Venezuela and spending money as a gift. While in Venezuela, their hotel room had been burglarized, and approximately $100 stolen. Rodriguez called her mother in New York and said that she would need more money. The mother in turn called Taveras, an old friend, who had initially suggested Venezuela as a vacation destination. Taveras offered to go to Venezuela and personally deliver cash to Rodriguez. Taveras went to Venezuela, gave Rodriguez $300, and later accompanied her on her return to New York. Rodriguez claimed that she had bought the suitcase at a flea market in Venezuela, in order to carry back gifts that she had bought for friends. She claimed that she had no knowledge of the drugs, and had not even noticed that the sides of the suitcase appeared abnormally thick.

Following presentation of the Government's case, the District Court dismissed all charges against Taveras.

At the close of the evidence, over the objections of defense counsel, Judge Nickerson gave a conscious avoidance charge:

Now, with regard to the element of knowledge, one may not willfully and intentionally remain ignorant of a fact, material and important to her conduct, to escape the consequences of the criminal law. If you find beyond a reasonable doubt that the defendant was aware that there was a high probability that she possessed a drug that is a controlled substance, but that she deliberately and consciously avoided confirming this fact so she could deny knowledge if apprehended, then you may treat this deliberate avoidance as the equivalent of knowledge, unless you find the defendant actually believed that she was not possessing a drug that is a controlled substance.

Rodriguez App. at 21. Rodriguez was convicted on all counts.

## DISCUSSION

1. *Propriety of a "conscious avoidance" charge.* In this Circuit, a "conscious avoidance" instruction has been authorized somewhat more readily than elsewhere. In the Ninth Circuit, for example, the charge is to be given "rarely." *See United States v. Alvarado,* 838 F.2d 311, 314 (9th Cir.), *cert. denied,* 487 U.S. 1222, 108 S.Ct. 2880, 101 L.Ed.2d 915 (1988). We, on the other hand, have observed that the charge is "commonly used." *See United States v. Fletcher,* 928 F.2d 495, 502 (2d Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 67, 116 L.Ed.2d 41 (1991). *See also United States v. Mang Sun Wong,* 884 F.2d 1537, 1542 n. 5 (2d Cir.1989) (noting differing approaches), *cert. denied,* 493 U.S. 1082, 110 S.Ct. 1140, 107 L.Ed.2d 1045 (1990).

Our cases have given more precise consideration to the content of the instruction than to the standard for determining the propriety of its use. Building on Judge Friendly's helpful discussion in *United States v. Jacobs,* 475 F.2d 270, 287–88 (2d Cir.), *cert. denied,* 414 U.S. 821, 94 S.Ct. 116, 131, 38 L.Ed.2d 53 (1973), we developed an approved version of a "conscious avoidance" instruction in *United States v. Bright,* 517 F.2d 584, 587–88 (2d Cir.1975), *United States v. Cano,* 702 F.2d 370, 371 (2d Cir.1983), and *United States v. Feroz,* 848 F.2d 359, 360–61 (2d Cir.1988), and directed that the *Feroz* opinion be circulated to every Assistant United States Attorney in the Second Circuit engaged in criminal prosecutions. The approved charge requires that the jury be told that knowledge of the existence of a particular fact may be inferred "(1) if a person is aware of a high probability of its existence, (2) unless he actually believes that it does not exist." *Id.* at 360. The jury is also normally to be told that a showing of negligence, mistake, or even foolishness, on the part of the defendant, is not enough to support an inference of knowledge. *See United States v. Shareef,* 714 F.2d 232, 233–34 (2d Cir.1983).

Our cases have used varying formulations, however, as to the standard for determining *when* the charge is warranted.

*Feroz* quoted with approval the language of *United States v. Lanza,* 790 F.2d 1015, 1022 (2d Cir.), *cert. denied,* 479 U.S. 861, 107 S.Ct. 211, 93 L.Ed.2d 141 (1986), to the effect that "the conscious avoidance charge is 'used where a defendant has claimed lack of some specific aspect of knowledge necessary to conviction but where the evidence may be construed as deliberate ignorance.'" *Feroz,* 848 F.2d at 360. That emphasis on "deliberate ignorance" was significant because it captured the thought, essential to the concept of *conscious* avoidance, that the defendant must be shown to have *decided* not to learn the key fact, not merely to have failed to learn it through negligence.

In other cases, however, we have used a formulation that comes perilously close to a negligence standard. Thus, in *United States v. Joyce,* 542 F.2d 158 (2d Cir.1976), *cert. denied,* 429 U.S. 1100, 97 S.Ct. 1122, 51 L.Ed.2d 548 (1977), we said that the charge was proper "where defendants have denied wrongful knowledge in circumstances that *should have apprised* them of the unlawful nature of their conduct." *Id.* at 161 (emphasis added). The "should have apprised" formulation was then repeated in *United States v. Mohabir,* 624 F.2d 1140, 1154 (2d Cir.1980), and in *United States v. Guzman,* 754 F.2d 482, 489 (2d Cir.1985), *cert. denied,* 474 U.S. 1054, 106 S.Ct. 788, 88 L.Ed.2d 766 (1986).

■ The standard for giving the instruction logically should derive from the content of the instruction itself. Thus, since the instruction permits the jurors to infer knowledge only when persuaded beyond a reasonable doubt that the defendant was aware of a high probability of the fact in dispute and consciously avoided confirming that fact, the charge is warranted only if the evidence is such that a rational juror may reach that conclusion beyond a reasonable doubt. *See Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The issue for us, therefore, is whether Judge Nickerson properly concluded that a rational juror could find beyond a reasonable doubt that Rodriguez was aware of a high probability that the suit-

case contained a controlled substance and consciously avoided confirming that fact. The defendant retains the opportunity, but has no obligation, to defeat the inference of knowledge by persuading the jury that she actually believed that it did not contain a controlled substance. *See* Model Penal Code § 2.02 comment 9 (1985).

■ In the circumstances of this case, we agree with Judge Nickerson that the charge was properly given. The defendant was found in possession of a suitcase in the side linings of which more than four pounds of cocaine were secreted. The sides of the suitcase were observable as unusually thick and bulging. She gave to the agents and endeavored to tell the jury the explanation that she had acquired the suitcase innocently at a flea market. The weight of the cocaine would have been noticeable in an empty suitcase, and the careful concealment of the cocaine within the suitcase linings precluded the possibility that the cocaine had been quickly placed in the suitcase without the defendant's awareness after she had purchased it. These circumstances, and the inherent implausibility of the claim that a four-pound quantity of concealed cocaine was accidentally acquired through purchase of an empty suitcase at a flea market, justified a conscious avoidance instruction. *See United States v. Civelli,* 883 F.2d 191, 193–95 (2d Cir.) (defendant courier accepted envelopes containing nine kilograms of cocaine and avoided asking any questions), *cert. denied,* 493 U.S. 966, 110 S.Ct. 409, 107 L.Ed.2d 374 (1989); *Feroz,* 848 F.2d at 359 (defendant possessed suitcase with hidden compartment containing nearly one kilogram of heroin). These same circumstances also support the jury's finding of guilty knowledge.

■ *2. Inconsistent conspiracy verdicts.* Although it did not affect her sentence, Rodriguez was convicted of a conspiracy count as well as the substantive offenses of possession of cocaine with intent to distribute and importation of cocaine. The conspiracy conviction initially appears troubling in that Judge Nickerson found the evidence insufficient against

Rodriguez's only indicted co-conspirator, Taveras. Under the traditional "rule of consistency," a conviction of one conspirator cannot stand if all co-conspirators have been acquitted in the same proceeding. *See United States v. Sachs,* 801 F.2d 839, 845 (6th Cir.1986). Most circuits have now departed from the rule of consistency in light of the Supreme Court's admonition in *United States v. Powell,* 469 U.S. 57, 64–65, 105 S.Ct. 471, 476–77, 83 L.Ed.2d 461 (1984), that a jury acquittal cannot necessarily be equated with a finding that the Government failed to prove guilt beyond a reasonable doubt. *See, e.g., United States v. Bucuvalas,* 909 F.2d 593, 595–96 (1st Cir.1990); *United States v. Andrews,* 850 F.2d 1557, 1561–62 (11th Cir.1988) (in banc), *cert. denied,* 488 U.S. 1032, 109 S.Ct. 842, 102 L.Ed.2d 974 (1989). *See also United States v. Garcia,* 882 F.2d 699, 705 (2d Cir.) (citing *Andrews* with approval), *cert. denied,* 493 U.S. 943, 110 S.Ct. 348, 107 L.Ed.2d 336 (1989). Courts have been less tolerant, however, of inconsistent *judicial* determinations, since there is no ambiguity in a judge's dismissal of charges. *See Hartzel v. United States,* 322 U.S. 680, 682 n. 3, 64 S.Ct. 1233, 1234 n. 3, 88 L.Ed. 1534 (1944) (plurality opinion); *Bucuvalas,* 909 F.2d at 596–97; *United States v. Velasquez,* 885 F.2d 1076, 1090–91 & n. 13 (3d Cir.1989) (distinguishing rule of consistency), *cert. denied,* 494 U.S. 1017, 110 S.Ct. 1321, 108 L.Ed.2d 497 (1990).

■ We have held, however, that superficially inconsistent conspiracy determinations in the same proceedings, resulting from a judge's setting aside of a jury verdict against a co-conspirator, are permissible if there is evidence that the defendant "conspired with 'others unknown,'" *United States v. Artuso,* 618 F.2d 192, 197 (2d Cir.), *cert. denied,* 449 U.S. 861, 101 S.Ct. 164, 66 L.Ed.2d 77 (1980), at least so long as the indictment mentions "others," *see United States v. Gaviria,* 740 F.2d 174, 184–85 (2d Cir.1984). In this case, the indictment charged Rodriguez, Taveras, "and others" with a narcotics conspiracy. Judge Nickerson properly charged the jury that:

> In determining whether two or more persons knowingly and willfully conspired, do not consider Yesenia Maria Taveras. In other words, you must find beyond a reasonable doubt that two or more persons besides Ms. Taveras knowingly and willfully conspired.
>
> You will recall that this count says that the conspiracy was between Ms. Rodriguez, Ms. Taveras and others. You cannot consider in determining whether there is a conspiracy Ms. Taveras.

Rodriguez App. at 27. Because a rational juror could find beyond a reasonable doubt that Rodriguez had conspired with others, either in Venezuela or in the United States, to possess and import cocaine, we cannot upset the jury's verdict.

### CONCLUSION

The judgment of the District Court is affirmed.