**UNITED STATES of America,**
**Appellee,**

v.

**David H. SHAPIRO and James J. McLaughlin, Defendants,**

**Kevin Hattrick, Defendant–Appellant.**

**No. 00–1041.**

United States Court of Appeals, Second Circuit.

Jan. 23, 2001.

Robert Koppelman, New York, NY, for appellant.

Steven R. Peiken, Assistant United States Attorney, Southern District of New York, New York, NY; Mary Jo White, United States Attorney, Gary Stein, Assistant United States Attorney, on the brief, for appellee.

Present VAN GRAAFEILAND, NEWMAN, LEVAL, Circuit Judges.

### SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be and it hereby is AFFIRMED.

Defendant appeals from his conviction after a jury trial on one count of conspiracy to commit mail and wire fraud and four counts of mail fraud.

Defendant's principal contention is that the court erred in charging the jury on "conscious avoidance" by failing to include the required qualification that defendant must be aware of a "high probability" of the falsity of his false statement. *See United States v. Feroz,* 848 F.2d 359, 360 (2d Cir.1988); *United States v. Cano,* 702 F.2d 370, 371 (2d Cir.1983); *United States v. Aulet,* 618 F.2d 182, (2d Cir.1980). Although defendant is correct that the charge did not conform to the requirements of our prior holdings, there was no reversible error for at least two reasons.

First, defendant effectively waived the error. The court distributed its proposed charge among counsel and solicited objections; defendant's attorney made no objection to the proposed language on conscious avoidance. Had the problem been called to the court's attention, it would surely have been corrected. After the charge was given, when the court invited exceptions, counsel said only that he recalled a Second Circuit case calling for language about "high probability." Counsel did not clarify "high probability" of what. The exception was so vague that it did not adequately notify the court of its nature. Under the circumstances, defendant's objection to the charge cannot be considered to have been properly preserved. It was not meaningfully or comprehensibly brought to the trial judge's attention.

Nor can it be said, considering all the circumstances, that the failure to include this language in the charge was plain error under Fed.R.Crim.P. 52(b). Taking account of the charge as a whole, it adequately informed the jury that defendant must be acquitted if he believed his statements were true and cautioned the jury that guilty knowledge could not be established by defendant's mistake or negligence. Furthermore, any error was harmless in view of the overwhelming evidence of defendant's actual awareness of the falsity of his statements.

We have reviewed defendant's other contentions, including that the evidence did not justify a charge on conscious avoidance, that the evidence did not support defendant's awareness of a high probability of the falsity of his statements, and that there was no basis for a finding of perjury to justify a sentence enhancement. We find no merit in them. Accordingly, the judgment of the district court is AFFIRMED.