**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Angel ANDINO, Guillermo Alvarez, Raphael Cardenas, Jose Gilberto Deleon, Lucilo F. Barona, and Gabriel Perciado, Defendants.**

v.

**Florentino Sanchez, Dionicio Siri, Lenny Siri, Jesus Eymar Moncada, also known as Chucho, also known as John, and Pedro Mejia, Defendants–Appellants.**

Docket Nos. 00–1562 L, 00–1567, 00–1569, 00–1585, 01–1062.

United States Court of Appeals, Second Circuit.

Feb. 25, 2002.

Cheryl J. Sturm, Chadds Ford, PA, for Appellant Florentino Sanchez.

Raymond Aab, Carol Kahn, of counsel, New York, NY, for Appellant Dionicio Siri.

Charles Hochbaum, Garden City, NY, for Appellant Lenny Siri.

Joel K. Dranove, New York, NY, for Appellant Pedro Mejia.

Paul J. McAllister, New York, NY, for Appellant Jesus Eymar Moncada.

Keir N. Dougall, Emily Berger and Susan Corkery, of counsel, Brooklyn, NY, for Alan Vinegrad, United States District Attorney for the Eastern District of New York, for Appellee.

Present SACK, B.D. PARKER, and GIBSON,[*] Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgments of August 7, 2000, August 8, 2000, and January 29, 2001, be, and they hereby are, AFFIRMED.

The defendants Florentino Sanchez, Lenny Siri ("L.Siri"), Dionicio Siri ("D.Siri"), Pedro Mejia, and Jesus Eymar Moncada appeal judgments and sentences imposed by the United States District Court for the Eastern District of New York (Reena Raggi, *Judge* ), on August 7, 2000, August 8, 2000, and January 29, 2001. Their convictions arise from a conspiracy to transport approximately one thousand kilograms of marijuana from Texas to Massachusetts via New Jersey. The drugs never completed this journey. On the Bronx section of I–95, police stopped Mejia driving a van that contained the marijuana.

L. Siri, D. Siri, and Mejia raise issues about: (i) venue and jurisdiction in the Eastern District; (ii) the effectiveness of their counsel; (iii) the sufficiency and availability of drug weight evidence; and (iv) their sentencing. Mejia also asserts error in Judge Raggi's jury instruction on conscious avoidance.

Sanchez, unlike the Siris and Mejia, entered a plea agreement. He contends that: (i) the district court erred by failing to hold a competency hearing, and his waiver of his right to appeal must therefore be invalidated; (ii) he merited a downward departure under United States Sentencing Guidelines ("U.S.S.G.") § 5K2.13 for diminished capacity; (iii) his sentence violated *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000); and (iv) he was denied effective assistance of counsel.[1]

None of the defendants' claims has merit.

## I. Jurisdiction and Venue for L. Siri, D. Siri, and Mejia

Mejia and both Siris (the "appellants") assert that jurisdiction and venue in the Eastern District of New York were flawed because the appellants committed no acts in the Eastern District.

■ "With respect to a charge of conspiracy, venue may properly be laid in the district in which the conspiratorial agreement was formed or in any district in which an overt act in furtherance of the conspiracy was committed by *any* of the conspirators." *United States v. Rosa,* 17 F.3d 1531, 1541 (2d Cir.1994) (emphasis added). The same analysis applies to jurisdiction. *See United States v. Giordano,*

---

[*] Of the United States Court of Appeals for the Eighth Circuit, sitting by designation.

[1]. Counsel for the defendant Jesus Eymar Moncada filed a brief seeking to withdraw as his counsel. The government filed a motion for summary affirmance with respect to Moncada.

693 F.2d 245, 249 (2d Cir.1982). Venue and jurisdiction in the Eastern District of New York are proper because, as the appellants do not dispute, Guillermo Alvarez and Moncada committed acts there. The evidence establishes that the three appellants, Alvarez, and Moncada shared a clear "common purpose"—transfer from Texas to Massachusetts and sale of the marijuana—and so were part of the same conspiracy. *United States v. Heinemann*, 801 F.2d 86, 92 (2d Cir.1986). A common purpose includes bringing drugs to market. Further, a "jury reasonably could have inferred from the evidence as a whole" that the appellants were aware of the criminal purpose of selling the marijuana, *United States v. Aracri*, 968 F.2d 1512, 1522 (2d Cir.1992), and that the appellants had a "tacit understanding to carry out the prohibited conduct," *United States v. Nusraty*, 867 F.2d 759, 763 (2d Cir.1989). "[T]he suppliers [of drugs] know that the business does not end with their sale to the middlemen, and the distributors know from the vast amounts purchased ... that their seller has a source of supply." *United States v. Moten*, 564 F.2d 620, 624 (2d Cir.1977).

Further, the appellants concede that their conspiracy involved Sanchez. The appellants telephoned Sanchez while he was in the Eastern District. Acknowledging that the conspiracy included Sanchez is enough to create jurisdiction because Sanchez committed acts related to the conspiracy in the Eastern District, *e.g.*, receiving the telephone calls.

## II.   The Marijuana and its Weight

The appellants challenge the admission and use of the marijuana based on its availability before trial and the sufficiency of weight evidence. We reject their arguments.

First, the net weight of the marijuana was proved to be more than one thousand kilograms. The DEA chemist's final determination of net weight was based on a recognized extrapolation methodology. *See United States v. Pirre*, 927 F.2d 694, 697 (2d Cir.1991). The appellants adduce no evidence of error in the methodology, and the jury returned a special interrogatory finding beyond a reasonable doubt that the crimes implicated more than one thousand kilograms of marijuana.

The challenge to the marijuana's destruction fails because the government produced a January 20, 2000 letter wherein the United States Attorney's office for the Eastern District of New York informed the defendants' counsel that the marijuana was in Boston, Massachusetts.

## III.   D.Siri's Sentencing

D.Siri challenges the district court's denial of a reduction in sentence under 18 U.S.C. § 3553(f). But Judge Raggi made abundantly clear that her denial of the safety valve reduction was based on D.Siri's role as leader and made detailed findings to that effect: As required by § 5C1.2(4) and commentary, she found D.Siri a manager pursuant to U.S.S.G. § 3B1.1(c). Apart from conclusory assertions, the defendant presents nothing to controvert Judge Raggi's explicit and detailed findings of his leadership role. *See United States v. Tang*, 214 F.3d 365, 370–71 (2d Cir.2000).

## IV.   Mejia's Conscious Avoidance Charge

Mejia contends that the district court's conscious avoidance charge prejudiced him by failing to inform the jury of his defense that he had no opinion on the packages' contents. This claim founders.

A conscious avoidance charge "should instruct the jury that knowledge of

the existence of a particular fact is established (1) if a person is aware of a high probability of its existence, (2) unless [the defendant] actually believes that it does not exist." *United States v. Feroz*, 848 F.2d 359, 360 (2d Cir.1988). Judge Raggi's charge reflected these principles. "The jurors in this case were made well aware that they had to find either that the defendant[ ] actually knew [of the drugs] or had manifested by [his] conduct that [he was] deliberately shutting [his] eyes to [that] fact." *United States v. Jacobs*, 475 F.2d 270, 288 (2d Cir.1973). The allegedly prejudicial sentence was *part* of an extended discussion of *one* way of proving knowledge, conscious avoidance. Rather than an error of law, this sentence has been repeatedly mandated in charges by this Court. *See, e.g., Feroz*, 848 F.2d at 361.

### V. Sanchez's Competency Hearing, Waiver of Appeal, and Sentencing Appeals

■ Sanchez challenges the district court's decision not to hold a competency hearing. A trial court abuses its discretion in failing to hold an evidentiary hearing to determine competence if "there is *reasonable cause* to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." *United States v. Kirsh*, 54 F.3d 1062, 1070 (2d Cir.1995) (quoting 18 U.S.C. § 4241(a)) (emphasis added and internal quotation marks omitted).

Judge Raggi reviewed all available evidence, including Sanchez's behavior at the allocution, evidence of his sophisticated business dealings, and a psychiatrist's report. She considered and rejected the prison psychiatrist's finding because he was unaware of Sanchez's prior business dealings. Given the "objective facts of which [the district court had] knowledge," *Nicks v. United States*, 955 F.2d 161, 169 (2d Cir.1992), and Judge Raggi's observation of Sanchez, we find no abuse of discretion.

■ We thus reject Sanchez's argument that he was incompetent to waive his right to appeal in his plea arrangement. The same standard "determines both competence to stand trial and competence to waive constitutional rights." *United States v. Morrison*, 153 F.3d 34, 46 (2d Cir.1998). We hold that Sanchez competently waived his right to appeal and decline to hear his attacks on his sentence.[2] *See United States v. Fisher*, 232 F.3d 301, 303 (2d Cir.2000).

### VI. The Ineffective Assistance of Counsel Claims

■ All the defendants lodge, on a variety of grounds, ineffective assistance of counsel claims. L.Siri and Mejia contend that trial counsel fell below the constitutional bar because they failed (i) to challenge proof of the marijuana's net weight; (ii) to argue that the government's expert's testimony calculating total drug weight violated *Daubert v. Merrell Dow Pharmaceuticals Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993), and Fed.R.Evid.

---

2. Regardless, Sanchez's appeals are without merit. First, the district court's refusal to depart downward is not erroneous because "there is no indication here that Judge [Raggi] was unaware of [her] authority." *United States v. Middlemiss*, 217 F.3d 112, 125 (2d Cir.2000). Second, Sanchez's sentence did not violate *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), because the district court asked him in the allocution whether "[o]ver time [he] manage[d] to bring more than five kilograms of cocaine into the United States" and received an affirmative answer.

104(b); (iii) to challenge venue; and, (iv) to raise the issue of the destruction of the marijuana. D.Siri argues that his counsel was ineffective for reasons (i), (ii), and (iii). Finally, Sanchez argues that his right to effective counsel was violated when his counsel neither attended his proffers nor advocated for a diminished capacity downward departure. None of these claims has merit.

■ The Sixth Amendment is violated when: (i) a criminal defendant's "representation [falls] below an objective standard of reasonableness ... under prevailing professional norms" and (ii) this deficiency is "prejudicial" to the defendant. *Strickland v. Washington*, 466 U.S. 668, 688, 692, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

First, the Siris' and Mejias' counsels' failure to challenge drug weight evidence is not objectively unreasonable because counsel could reasonably have made a strategic decision to argue that the defendants were innocent in lieu of engaging the government on the issue of drug quantities.

■ Second, Sanchez's ineffective assistance of counsel claim fails because he cannot show prejudice: Sanchez was ineligible for safety valve consideration. Sanchez acknowledges lying both in proffers where he was represented and in hearings where he lacked counsel. His lying was independent of counsel. "The burden ... fall[s] on the defendant to *prove* to the court that he has provided the requisite information if he is to receive the benefit of the [safety valve] statute." *United States v. Gambino*, 106 F.3d 1105, 1110 (2d Cir.1997) (emphasis in original). Sanchez cannot demonstrate the truthfulness needed for a safety valve adjustment under § 3553(f)(4).

Finally, with respect to claims iii and iv, we have held that they are without merit.

Counsel cannot be faulted for not raising them.

We have considered all of the appellants' and Sanchez's remaining contentions and find them to be without merit.

### VII. Moncada's Anders Motion

A motion having been made by Paul J. McAllister, counsel for the defendant Jesus Eymar Moncada, for permission to withdraw as counsel pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), the motion is granted. The government's motion for summary affirmance with respect to Moncada is also granted.

For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.