UNITED STATES of America, Appellee,

v.

Teketa THOMPKINS, Defendant–Appellant.

No. 07–3132–cr.

United States Court of Appeals, Second Circuit.

July 30, 2008.

Jonathan Abernethy,(Nicholas Goldin, Celeste L. Koeleveld, on the brief) Assistant United States Attorneys, for Michael J. Garcia, United States Attorney, Southern District of New York, New York, N.Y., for Appellee.

Meredith Heller, (Ira D. London, Avrom Robin on the brief) New York, N.Y., for Defendant–Appellant.

PRESENT: Hon. GUIDO CALABRESI, Hon. CHESTER J. STRAUB, and Hon. B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

Defendant–Appellant Thompkins was convicted by a jury in the United States District Court for the Southern District of New York (Swain, *J.* ) of one count of conspiracy to commit wire fraud and mon-

ey laundering in violation of 18 U.S.C. § 371, five counts of wire fraud in violation of 18 U.S.C. §§ 1343 and 2, two counts of money laundering in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i) and 2, and one count of money laundering in violation of 18 U.S.C. §§ 1956(a)(2)(B)(i) and (ii) and 2. On appeal, Defendant asserts that there was insufficient evidence that she had the requisite knowledge for the crimes and that the district court erred when it instructed the jury as to conscious avoidance and the *Pinkerton* doctrine. We assume the parties' familiarity with the facts and procedural history of the case.

A defendant challenging the sufficiency of the evidence underlying a criminal conviction bears the "heavy burden," of demonstrating that "no rational factfinder could have found the crimes charged proved beyond a reasonable doubt." *United States v. Gaskin*, 364 F.3d 438, 459–60 (2d Cir.2004) (internal quotation marks omitted). When considering such a challenge, a court "must review the evidence in the light most favorable to the government, drawing all reasonable inferences in its favor." *Id.* at 459.

Regarding Thompkins's to intent to participate in an existing conspiracy, the Government must first establish that she intended to engage in the charged scheme, and second, show that she had some knowledge of the unlawful aims of the conspiracy. *United States v. Reyes*, 302 F.3d 48, 53 (2d Cir.2002). We find that there was sufficient evidence to prove both. The pattern of money transfers and her attempt to carry to carry $30,000 in cash into Bermuda adequately support the jury's verdict on all charges.

The district court also appropriately instructed the jury regarding conscious avoidance. A conscious avoidance instruction is properly given only

(i) when a defendant asserts the lack of some specific aspect of knowledge required for conviction, and (ii) the appropriate factual predicate for the charge exists, *i.e.*, the evidence is such that a rational juror may reach the conclusion beyond a reasonable doubt that the defendant was aware of a high probability of the fact in dispute and consciously avoided confirming that fact.

*United States v. Aina–Marshall*, 336 F.3d 167, 170 (2d Cir.2003) (internal quotation marks and citations omitted). Both of these elements were met. The circumstances were such that a jury could have concluded that Thompkins was alerted to a high probability that the money was stolen, but decided not to learn that key fact. *See id.* at 171; *United States v. Rodriguez*, 983 F.2d 455, 458 (2d Cir.1993).

Finally, the district court properly instructed the jury with regards to the *Pinkerton* doctrine. *See Pinkerton v. United States*, 328 U.S. 640, 66 S.Ct. 1180, 90 L.Ed. 1489 (1946). Defendant correctly notes that the *Pinkerton* charge is inappropriate where the evidence of the conspiracy charge is sufficiently thin that the charge invites the jury into an inverse-*Pinkerton* analysis, by which it infers the conspiracy from a series of disparate substantive offenses. *United States v. Salameh*, 152 F.3d 88, 149 (2d Cir.1998) (per curiam). But that is not the case here.

We have considered all of Appellant's claims, and we find them to be without merit. Accordingly, the judgment of the district court is AFFIRMED.