**UNITED STATES of America, Plaintiff–Appellee,**

**v.**

**Janice M. STOWELL, a/k/a Jody Ann-marie Tucker, Gary Lane Williams, a/k/a Jackson King and Jimmy Wood, Defendants–Appellants.**

No. 90–2223.

United States Court of Appeals, Fifth Circuit.

Jan. 28, 1992.

Rehearing Denied April 1, 1992.

Marjorie A. Meyers, Asst. Federal Public Defender, Roland E. Dahlin, II, Federal Public Defender, Houston, Tex., for Stowell.

Dick DeGuerin, DeGuerin & Dickson, Houston, Tex., Jeralyn E. Merritt, Denver, Colo., for Williams.

Paula Offenhauser, Asst. U.S. Atty., Ronald G. Woods, U.S. Atty., Houston, Tex., for U.S.

## ON PETITION FOR REHEARING AND SUGGESTION FOR REHEARING EN BANC

Before WISDOM, HIGGINBOTHAM, and SMITH, Circuit Judges.

PER CURIAM:

IT IS ORDERED that the Petition for Rehearing filed by the government in the above entitled and numbered cause be and the same is hereby DENIED. Treating the suggestion for rehearing en banc filed by Gary Lane Williams as a petition for panel rehearing, it is ordered that the petition for panel rehearing is DENIED. No member of the panel nor Judge in regular active service of this Court having requested that the Court be polled on rehearing en banc (Federal Rules of Appellate Procedure and Local Rule 35), the suggestion for rehearing En Banc is DENIED.

In its petition for rehearing, the government argues that we erred in stating that our discretion was limited to determining "whether there is *any* evidence to support the issuance of the [multiple conspiracies] charge." It relies on *Mathews v. United States*, 485 U.S. 58, 108 S.Ct. 883, 99 L.Ed.2d 54 (1988), where the Supreme Court stated that, generally speaking, "a defendant is entitled to an instruction as to any recognized defense for which there exists evidence sufficient for a reasonable jury to find in his favor." The government asserts that our "any evidence" standard is inconsistent with the "sufficient evidence" standard mandated by the Supreme Court.

■ Although we have on several occasions before and after *Mathews* observed that the court must charge the jury on a defense theory when there is any evidence to support it, *see, e.g., United States v. Washington*, 688 F.2d 953, 958 (5th Cir. 1982); *United States v. Rubio*, 834 F.2d 442, 447 (5th Cir.1987); *United States v. Kim*, 884 F.2d 189, 193 (5th Cir.1989); *United States v. Harris*, 932 F.2d 1529, 1535 (5th Cir.1991), this language is admittedly incomplete. Its shorthand implies that a mere scintilla of evidence in support of a defense theory requires the giving of an instruction on that theory at the defendant's request. Of course, any evidence in support of a defensive theory must be sufficient for a reasonable jury to rule in favor of the defendant on that theory. *See Mathews, supra; United States v. Schmick*, 904 F.2d 936, 942–43 (5th Cir. 1990). This is what we meant when we stated in this case that a court may decide as a matter of law that the evidence of multiple conspiracies fails to raise a factual question for the jury. *United States v. Stowell*, 947 F.2d 1251, 1258 (5th Cir.1991).

■ That having been said, we think there was sufficient evidence of multiple conspiracies here to warrant an instruction on this theory of defense. The evidence at trial was inconclusive as to whether Jimmy Wood was merely the Mexican supplier of the marijuana or whether he was a participant in the scheme to distribute the marijuana in the United States as well. Although the jury may well have concluded that Wood was a member of the conspiracy to distribute, it could reasonably have concluded otherwise. Under these circumstances, the district court should have granted Wood's request for a jury instruction on multiple conspiracies. The jury should decide the issue of single versus multiple conspiracies. *United States v. Richerson*, 833 F.2d 1147, 1155 (5th Cir. 1987).

■ We are not persuaded by the government's contention that because Wood urged in his closing argument that he was only part of a conspiracy to import, the failure to give a jury instruction on this point did not impair his ability to present this theory of defense. Although we may look beyond the four corners of the charge to determine whether the defendant has suffered prejudice from failure to give a requested instruction, argument alone will not suffice to compensate for a required instruction not effectively presented elsewhere in the charge. *United States v. Rubio*, 834 F.2d 442, 447 (5th Cir.1987). Here, nothing resembling a multiple conspiracy instruction was included in the charge to the jury. The omission of such an instruction was reversible error.

190

In his petition for rehearing defendant Williams argues that we erred in applying a manifest error standard of review to the district court's decision that a juror would remain impartial. He contends that the correct standard of review is abuse of discretion. Williams' argument is without merit. This court has indicated on more than one occasion that "manifest error" and "abuse of discretion" can be used interchangeably. *See Phillips Oil Co. v. OKC Corp.*, 812 F.2d 265, 280 n. 32 (5th Cir.1987); *United States v. Dozier*, 672 F.2d 531, 547–48 (5th Cir.1982). Indeed *Dozier* was a juror impartiality case that applied both manifest error and abuse of discretion. Likewise in this case we said "[t]here was no *manifest error* here. It was within the *substantial discretion* of the trial judge to decide not to dismiss these jurors or declare a mistrial." *United States v. Stowell*, 947 F.2d 1251, 1256 (5th Cir.1991). We need not engage in a debate over semantics; the words used to indicate our standard of review are subject to different interpretations in different contexts. It should be clear that we give the trial judge considerable deference in determining whether a juror is impartial. The court's decision here was well within its discretion.

PETITION DENIED.