IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-50126
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JAMES WALTER GERMANY,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. MO-98-CR-50-ALL
--------------------

October 6, 1999

Before HIGGINBOTHAM, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

James Walter Germany appeals his conviction for conspiracy to distribute a controlled substance, 21 U.S.C. § 846, two counts of possession with intent to distribute a controlled substance, 21 U.S.C. § 841, and possession of a firearm by a convicted felon, 18 U.S.C. § 922.

Germany argues that the district court abused its discretion by refusing to instruct the jury that intoxication could be

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

considered in determining whether Germany had the specific intent

to distribute a controlled substance or participate in a conspiracy to distribute a controlled substance.  The district court refused to give the instruction based on its erroneous belief that the crimes for which Germany was being tried were general intent crimes.  Distribution of a controlled substance and conspiracy to distribute a controlled substance are specific, rather than general, intent crimes.  See United States v. Cartwright, 6 F.3d 294, 303 (5th Cir. 1993); United States v. Kaufman, 858 F.2d 994, 1000 (5th Cir. 1988).  However, Germany has not shown the district court abused its discretion by refusing to give that instruction because he did not produce evidence at trial showing that his intoxicated condition rendered him unable to form the required specific intent for these crimes. See Mathews v. United States, 485 U.S. 58, 62 (1988); United States v. Stowell, 953 F.2d 188, 189 (5th Cir. 1992); see also United States v. Tello, 9 F.3d 1119, 1128 (5th Cir. 1993) (court of appeals may affirm district court on any valid ground supported by the record).  The district court's judgment is AFFIRMED.